## STATE v. JAMES RABY.

*Indictment for Fornication and Adultery—Evidence, Competency of— Witnesses—Divorced Husband.*

1. In the trial of an indictment for fornication and adultery evidence of facts transpiring after the finding of the bill of indictment and tending to show the guilt of the defendants, is admissible.

2. Where, in the trial of an indictment for fornication and adultery, a witness testified that defendants lived together about three months before they were married and had. prior to that time, moved to a distant place and had returned; *Held*, that the evidence was sufficient to be submitted to the jury as to the guilt of the defendants.

3. In the trial of an indictment for fornication and adultery testimony that the defendants were seen working together in a field, although slight evidence of their guilt, was competent as tending to show, with other circumstantial evidence, that the defendants were living together in fornication and adultery.

4. Under Section 588, of *The Code*, a divorced husband is incompetent to testify against the divorced wife in the trial of an indictment against her for fornication and adultery which occurred prior to the divorce.

INDICTMENT for fornication and adultery, tried before *Norwood, J.,* and a jury at Fall Term, 1897, of MACON Superior Court. The defendants were convicted and appealed, assigning as error the grounds referred to in the opinion of the Court.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. J. F. Ray,* for defendant (appellant).

FURCHES, J.: The defendants, James Raby and Ruena Shields, were indicted for the crime of fornication and adultery. The defendant, Ruena, had been married to one Mark Shields, but they were divorced at Spring Term, 1896, of Macon Superior Court. The defendants were found guilty and, after judgment, appealed, assigning three grounds of error as follows:

1. That the Court admitted evidence, tending to show the guilt of defendants, of facts that transpired since the

finding of the bill of indictment.    There was no error in allowing this evidence.    *State* v. *Stubbs*, 108 N. C., 774; *State* v. *Guest*, 100 N. C., 410; *State* v. *Wheeler*, 104 N. C., 893.

2.   Another exception is that the Court refused a prayer of defendants, requesting the Court to charge that there was no evidence to go to the jury upon which they could find a verdict of guilty.    This prayer was properly refused, as there was evidence sufficient to carry the case to the jury.

3.   The third is as to the evidence of Mark Shields, the former husband of the defendant Ruena.    He testified that about three years ago he "saw the defendants chopping in rye, together, in a field."    This is but slight evidence of the guilt of defendants.    But the whole case is one of circumstantial evidence, and it cannot be seen but what this circumstance contributed to the finding a verdict of guilty.

It becomes necessary therefore to see whether this evidence was competent or not.    It is not claimed that it is competent under Section 589 or 590 of *The Code*.

This Section (588) applies to the competency or incompetency of husband and wife, and it is seen by examination of this Section of *The Code*, that this evidence would have been incompetent, if Mark Shields had continued to be the husband of the defendant Ruena.

This Section of *The Code* has not changed the rule as between husband and wife from what it was before its enactment as to any evidence offered for the purpose of establishing adultery in either party.   This rule of evidence is grounded on public policy and not on questions of interest, and, for this reason, Sections 589 and 590 do not apply.    As the rule has not been changed by 588 nor by 589 nor by 590 of *The Code*, we only have to look to decided cases to see what construction was placed upon the competency of a divorced party, before these enactments.    And we find that a divorced party was incompetent to testify to any act show-

ing or tending to establish adultery of the other party which occurred during the time of their marriage.   *State* v, *Jolly,* 20 N. C., 110.

The law thus draws the line of incompetency and covers this period of their lives with the mantle of protection.   For the error in admitting this incompetent testimony, which may have influenced the verdict of the jury, there must be a new trial.

New trial.