## MARY· F. COLTRAIN ET AL. v. DENNIS SIMMONS LUMBER COMPANY ET ALS.

(Filed 18 February, 1914.)

1. **Deeds and Conveyances—Location of Lands—Evidence—Appeal and Error—Harmless Error.**

   Where the controversy concerning lands depends upon whether the *locus in quo* was contained within the description of plaintiff's deed, a question asked a witness, by the defendant, whether the lands were not contained in a deed made to him, is incompetent, as the deed will speak for itself, and was otherwise immaterial; and in this case the error, if any, in excluding the question was cured by the introduction of the witness's deed.

2. **Evidence — Communications—Insane Persons—Interpretation of Statutes.**

   When the wife of an insane person sues under his deed and title to lands in dispute, testimony of a witness of conversation he had with the husband as to his claim to the lands is incompetent. Revisal, sec. 1631.

3. **Same—Hearsay.**

   In an action by the wife to recover lands under a conveyance made to her by her husband, since insane, testimony of a son as to the claim of his father to the lands, prior to his deed, in a conversation between them, is incompetent as hearsay, and forbidden by statute. Revisal, sec. 1631.

4. **Deeds and Conveyances—Location of Lands—Adverse Possession —Instructions.**

   Where the plaintiff claims the land in dispute upon the sole ground that it was contained in the description of her deed, which was the only controverted matter, it is not error for the court to refuse defendant's prayer for special instruction upon the sufficiency of the plaintiff's evidence of adverse possession to ripen title.

5. **Deeds and Conveyances—Descriptions—Boundaries.**

   In this action· to recover lands and for trespass the failure of the *locus in quo* to bound on the other lands described in the deed is not held to be a fatal defect, under *Austin v. Austin*, 160 N. C., 369.

APPEAL by defendants from *Connor, J.,* at September Term, 1913, of MARTIN.

*Winston & Matthews and S. J. Everett for plaintiffs.*
*H. W. Stubbs and Martin & Critcher for defendants.*

CLARK, C. J.   This is an action of trespass, and to recover
possession of land.  Both parties claim under a common source
of title.   It is admitted that the plaintiffs are owners of the
first two tracts of land described in the deed from Biggs and
Jones, trustees, to W. H. and Exum Carstarphen, by virtue of
the deed to them from the heirs of the said Carstarphens.

The sole question at issue is whether the deed from the Cars-
tarphen heirs to H. A. Coltrain embraced the third or 50-acre
tract of land described in the deed from said trustees.   All
the evidence is to the fact that the 50-acre tract of land was
timber land.   The original answer practically admitted that the
deed under which the plaintiffs claim embraces the 50-acre
tract, and the answer sets up a demand for reformation on the
ground of mutual mistake or mistake of the draftsman in draw-
ing the deed.   No evidence was introduced to that effect, and
the sole question remains whether the deed under which the
plaintiffs claim embraces said 50-acre tract.

Mary F. Coltrain, the plaintiff, claims under the deed from
her husband, H. A. Coltrain, who is now confined as a lunatic
in the asylum at Raleigh, and who is represented by his wife,
Mary F. Coltrain, who sues as next friend and also in her own
behalf.

Exception 1 is that J. L. Coltrain, witness for the plaintiff,
was asked on cross-examination: "Did your father make a
deed to you?  Yes.  Did the deed to you cover part of the land
described in the deed to your father?"   On objection, the last
question was properly ruled out.   The deed will speak for itself.
The defendants do not contend that any part of the 50-acre
tract was in that deed.   And, indeed, they deny that the father
ever owned that tract.   It is immaterial whether any of the
other lands were included in the deed to the witness.   Besides,
the error, if any, was cured by the subsequent admission of the
deed itself, which was put in evidence by the defendants.

Exception 3. S. .C. Carstarphen, one of the defendants, was asked: "What conversation, if any, did you have with H. A. Coltrain some time after execution of your deed to him, relative to his ownership of the 50-acre tract of land or any act of possession exercised by him?" This question was properly excluded by the court, on the objection of the defendant. H. A. Coltrain was insane, and the plaintiff Mary F. Coltrain claims under her husband and also sues as his next friend. Revisal, 1631, excludes this testimony. *Bunn v. Todd,* 107 N. C., 267.

Exception 4. The defendant C. D. Carstarphen was asked: "What conversation, if any, just prior to the institution of this action, did you have with J. L. Coltrain, son of H. A. Coltrain, in which you informed him of a prior conversation with his father in which his father said that he did not claim the 50-acre tract, had never bought it, and had never listed it for taxation or paid taxes thereon." This question was properly excluded, upon objection of the plaintiff. The conversation is hearsay, and, besides, is barred by Revisal, 1631.

Exception 6. The court declined to charge as follows: "There are not sufficient acts of ownership upon part of plaintiff to show title by possession," without adding, "provided you find that the 50-acre tract is not covered by the deed from Carstarphen to Coltrain." The addition was proper. There is no claim that possession had ripened into title, but the foundation of the action is the deed.

Title being out of the State, and both parties claiming under a common source of title, a deed covering the 50-acre tract, then possession followed the true title. There was, however, evidence of possession, if the plaintiff had been put to show seven years possession under a deed as against strangers. J. L. Coltrain testified that his father went into possession of all these tracts in January, 1899, after the deed was made to him. But whether he went into possession or not makes no difference if the deed covered this land, for the deed under which the plaintiff claims was executed by the defendants or those under whom they claim.

Exceptions 2 and 5 are to the refusal of the court to nonsuit, in which there was no error. There was evidence that the 50-acre tract was within the deed to Coltrain.

The contention that the failure of the 50-acre tract to bound on the other lands, as described in the deed, is a fatal defect, cannot be sustained. *Bradshaw v. Ellis,* 22 N. C., 20, cited *Austin v. Austin,* 160 N. C., 369.

No error.