## STATE v. JAMES REID.

(Filed 26 November, 1919.)

1. **Criminal Law—Arson—Accessory—Trials—Principal Felon—Statutes.**

One count in a bill of indictment charged the defendant with arson, and another thereof as accessory before the fact in procuring a certain other person to commit the crime, such other person being under separate indictment for arson and awaiting trial at the time of the trial of the present defendant.   At the present trial the solicitor consented to a verdict of not

guilty under the first count, and defendant was convicted as an accessory before the fact under the second one: *Held*, objection that the alleged principal felon had not then been tried or called upon to plead, is untenable under the provisions of our statute, Rev., 3287.

2. **Criminal Law—Evidence—Hearsay—Husband and Wife—Statutes—Appeal and Error—Reversible Error.**

Upon the trial of the defendant for accessory before the fact for arson, there being evidence that the defendant paid the alleged principal felon money to procure him to commit the crime, testimony of the defendant brought out on his cross-examination, and under his exception, that the wife of the alleged principal felon sent the prisoner word through the prisoner's wife, not to speak of the transaction, as it would not be good for him, is hearsay, and further incompetent under Rev., 1634 and 1635, forbidding the wife to testify in such instances to her husband's hurt, when not made in his presence or by his authority; and the admission of such testimony is prejudicial and reversible error.

3. **Evidence—Hearsay—Criminal Law—Arson—Motive—Character—Appeal and Error—Reversible Error—Witnesses.**

Upon the trial of defendant as accessory before the fact of arson, written or printed notice to the defendant which had been served on him, was put in evidence under his objection, signed by the owner of the house and other influential neighboring landowners, forbidding the defendant and his wife to go upon their lands under the penalty of the law. *Held*, though it was introduced and admitted as to the owner of the burned dwelling, this "notice" did not sufficiently tend to show defendant's motive, and, otherwise, it was hearsay, and being highly prejudicial to the defendant, constituted reversible error, having the natural effect to throw into the jury box the unsworn estimate of influential property owners that the defendant was an undesirable neighbor and citizen.

CRIMINAL ACTION, tried before *Shaw, J.*, and a jury, at Spring Term, 1919, of ANSON.

Defendant was indicted for crime of arson of a dwelling, tenement house, owned by R. F. Bennet, and occupied by John McLendon and family, a tenant on the owner's farm. A second count charged that the house was burned by one Tom Simons, at the instigation and procurement of defendant, the count being formally as an accessory before the fact to the principal crime.

During the progress of the trial, with consent of the solicitor, a verdict of "Not guilty" was entered on the first count, and the issue was submitted as to the guilt of the defendant on the count charging him with being accessory before the fact. There was a separate indictment against Tom Simons, preceding the charge against defendant, which had not been tried or disposed of.

There was verdict of guilty of the crime of accessory before the fact. Judgment, and defendant excepted and appealed, assigning errors.

STATE *v.* REID.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*A. A. Tarlton and Stacks, Parker & Craig for defendant.*

HOKE, J.   There is no merit in defendant's first objection that his cause was tried before that of Tom Simons, the alleged principal felon, and before said Simons had been called on to plead.   The course pursued comes directly within the broad provisions of the statute controlling the subject.   Rev., 3287, enacting, among other things, that "on a charge of being accessory before the fact, defendant may be tried with the principal felon or after his conviction, or may be indicted and tried for a substantive felony, whether the principal shall or shall not have been convicted, and shall or shall not be amenable to Justice," etc., and authoritatively approved in *S. v. Stephens,* 170 N. C., 745, and other cases. On careful consideration, however, we are of opinion that the defendant is entitled to a new trial by reason of certain errors in the ruling of the court on questions of evidence.   The testimony on the part of the State tended to show that Tom Simons burned the house, and that he was instigated to do the act by defendant, who was to pay the witness $150 for doing it, and that defendant's wife had paid witness for her husband $15 on the amount promised.   The record shows that this principal witness had at first and for some time denied that he burned the house or knew anything about it, and having been cross-examined in reference to these facts, in reply, the following questions and answers were admitted over defendant's objection:

Q. Now Tom, Mr. Stack asked you a little while ago why you didn't tell about this the first time the detective went to see you?   A. I had word not to tell.

Q. Who told you not to tell?   A. My wife told me.

Q. Told you what?   A. Said Jim's wife said tell me I had better not say anything about it, it wouldn't be good for me.

There was also a motion to strike out the answer, and denied, and defendant excepted further.

This evidence, to our mind, was clearly objectionable as hearsay and highly prejudicial to defendant.   Tom Simons had already testified that defendant's wife had paid him $15 on account for having fired the house, and this evidence tending as it did to show concern on the part of defendant about the charge, and an effort to shape the conduct of the witness concerning it, was well calculated to injure the prisoner in the decision of the issue.   Under our statute, Revisal, secs. 1634 and 35, the wife was neither competent nor compellable to testify to her husband's hurt in a proceeding of this character and, *a fortiorari,* her declarations against him should not be received when not made in his presence nor

by his authority. *Collrain v. Lumber Co.,* 165 N. C., 44; *Redmond v. Roberts,* 23 N. C., 481; Jones on Evidence, 2d ed., sec. 297.

In this last citation the author quotes from *Chief Justice Marshall* on the subject of hearsay evidence in his opinion in *Mima Queen v. Hepburn,* 7 Cranch, 296, as follows: "That this species of testimony supposes some better testimony that might be adduced in the particular case is not the sole ground of the exclusion. Its intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact ·and the frauds that might be practiced under its cover combine to support the rule that hearsay evidence is inadmissible."

Again, over defendant's objection, the State was allowed to put in evidence a written or printed notice, signed by eleven or twelve influential landowners of the neighborhood, R. T. Bennett being among them, addressed to defendant and his wife, forbidding them to go upon the land of the signers under the pains and penalties of the law, and signed and sealed by the parties.

This, too, was hearsay and of a highly objectionable character. True, this was introduced and admitted as to R. T. Bennett, the owner, and it is contended in support of its admission that it tended to show a motive for the crime on the part of defendant. But we do not think it had a reasonable tendency to show any adequate motive, and to our minds, in the form as presented, it went far beyond the necessity and justification that is claimed for it. While it is said in the record that it was introduced only as to R. T. Bennett, the entire paper, formal in style and purporting to have been served by the constable of the township, was read in the hearing of the jury, including all the signatures, and its natural effect was to throw into jury box the unsworn estimate of all these influential property owners that the defendant was an undesirable neighbor and an unworthy citizen.

For these errors, we are of opinion that defendant is entitled to have his cause tried before another jury, and it is so ordered.

New trial.