## STATE v. STOKES CHURCH.

(Filed 8 December, 1926.)

**1. Criminal Law—Evidence—Declarations—Hearsay.**

Upon the trial of an action for unlawfully breaking into a storehouse with the intent to commit larceny, and the commitment of the offense of larceny, etc., where there is evidence that the defendant and another were found carrying a suitcase containing the stolen goods, with other evidence of their guilt, declarations of the other person so found, while escaping arrest, to the effect that he alone had committed the offense, are hearsay and incompetent.

**2. Instructions—Verdict—Appeal and Error—Harmless Error.**

Where there are several counts of the indictment, and the charge was correct upon those upon which a conviction had been had, the verdict cures error, if any, committed, in not giving the principles of law arising from the evidence upon the count upon which the appealing defendant was acquitted. C. S., 564.

APPEAL by defendant from *Siler, Special Judge*, at July Term, 1926, of CATAWBA.

The defendant and others were prosecuted upon an indictment charging them (1) with unlawfully breaking and entering a storehouse occupied by E. H. Yount & Company with intent therein to commit larceny;

.(2) with larceny; (3) with receiving stolen property. He was convicted upon the•first and second counts and appealed from the judgment.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*A. A. Whitener, Louie A. Whitener, T. Manly Whitener and Jesse C. Sigmon for defendant.*

ADAMS, J. The storehouse was entered and the larceny was committed on 2 June, 1926, at night, and two days later the chief of police in Granite Falls saw the defendant and Charlie Craven walking down a railroad track in Burke County. Each of them carried a suitcase containing a part of the stolen property. When the officer called to them to stop Craven ran, jumped into the river, and escaped; the defendant was arrested and imprisoned, and was afterwards tried and convicted.

Upon the trial the defendant attempted to set up an alibi, and his testimony was corroborated by that of other witnesses. He now contends—the evidence was circumstantial—that he was convicted for the reason that he happened to be found in company with Craven. His explanation is that he carried the suitcase for Craven; and in his examination as a witness he gave his reason for doing so, and insisted that he had not previously been with Craven or with any of the codefendants. He offered to show by the cross-examination of the chief of police and by his own testimony that Craven, as he ran away to escape arrest, said that he was the owner of the two suitcases and the clothing they contained, and that the defendant had no knowledge of their contents. The proposed testimony was excluded and the defendant excepted.

There was no error in the exclusion of this evidence. A confession made, not by the defendant, but by a third person, is not admissible. While authority favorable to the admission of such evidence is not altogether wanting, most of the American courts exclude statements of this character. With us the principle may be regarded as definitely established. In *S. v. May,* 15 N. C., 328, the defendant offered in evidence the confession of William May that he alone was guilty of the crime for which Daniel was prosecuted. In rejecting this evidence *Chief Justice Ruffin* said: "Except the facts of the respective residences of the parties, which of themselves do not tend to establish guilt in either of the parties, it is obvious that all the evidence, as well that received as that rejected, consists of the acts and declarations of other persons, to which neither the State nor the prisoner is privy. I think the whole of it was inadmissible. The confession is plainly so. It is mere hearsay. It may seem absurd to one not accustomed to compare proofs, and estimate the weight of testimony according to the tests of

veracity within our power, that an unbiased confession of one man that he is guilty of an offense with which another is charged should not establish the guilt of him who confesses it, and, by consequence, the innocence of the other; but the law must proceed on general principles, and it excludes such a confession upon the ground that it is hearsay evidence—the words of a stranger to the parties, and not spoken on oath. Indeed, all hearsay might have more or less effect, and from some persons of good character, well known to the jury, it might avail much. Yet it is all rejected, with very few exceptions, which do not in terms or principle extend to this case. Even a judgment upon the plea of guilty could not be offered in evidence for or against another, much less a bare confession. As a declaration of another establishing his own guilt, the confession of a slave might be used upon the same principle. This, I recollect, was attempted in *Owen's case,* and also in *Kimbrough's;* but in the Supreme Court it was abandoned, and the point is not reported." In the same case *Judge Daniel* remarked: "The hearsay declarations of William May, that he committed the crime, were not on oath, nor was there any opportunity for a cross-examination. The evidence, therefore, according to the plainest principles of law, was properly rejected."

The principle is maintained in the later cases of *S. v. Duncan,* 28 N. C., 236, 239; *S. v. White,* 68 N. C., 158; *S. v. Haynes,* 71 N. C., 79; *S. v. Bishop,* 73 N. C., 44; *S. v. Boon,* 80 N. C., 461; *S. v. Gee,* 92 N. C., 756; *S. v. Lane,* 166 N. C., 333. To hold that Craven, who had escaped arrest by flight, should liberate his confederate by the "taunting adieu," "I have done it, turn your sword against me," would introduce a novelty not hitherto recognized in the administration of the criminal law in this State.

The defendant excepted to the charge on the ground that the judge failed to state in a plain and correct manner the evidence in the case and to declare and explain the law arising thereon. C. S., 564. It is insisted that no definition of larceny or of the burglarious breaking was given the jury, and that the essential elements of the crimes were not explained. We have had occasion to say that a statement of the contentions of the parties, together with a simple enunciation of a legal principle is not a sufficient compliance with the statute. *Watson v. Tanning Co.,* 190 N. C., 840. If the charge, otherwise clear, is subject to this criticism the inadvertence was no doubt due to the fact that the defense was an alibi and the alleged impossibility of the defendant's guilt.

The principal question had reference to the defendant's participation in the crimes rather than to their essential elements; but as to the counts on which the defendant was convicted the constituent elements were at least inferentially given in the beginning of the charge. We find

No error.