STATE v. THOMAS KLUTTZ AND OTIS RORIE.

(Filed 20 June, 1934.)

1. **Husband and Wife B e—Wife held not competent to testify against husband in this prosecution for felonious burning.**

One of defendants was charged with having feloniously set fire to a dwelling-house, C. S., 4245, and the other defendant with having feloniously procured the first defendant to commit the crime. C. S., 4175. The wife of the second defendant was permitted to testify in corroboration of another witness as to the origin of the fire and to further testify as to matters tending to incriminate her husband. *Held,* the wife was not competent to testify against her husband in the prosecution, and the admission of her testimony entitles him to a new trial. C. S., 1802.

2. **Criminal Law G e—Testimony held incompetent under the hearsay rule.**

Defendant was charged with having feloniously set fire to a dwelling-house. C. S., 4175. A deputy Insurance Commissioner testified that the sheriff said that defendant said he had set fire to the house, although the witness's written memorandum made at the time omitted any reference to the statement. This testimony was not in corroboration of the

sheriff, who testified at the trial. *Held,* the testimony was incompetent as hearsay, it not being in corroboration of, or tending to impeach the testimony of the sheriff.

**3. Same: Evidence H a—Definition of hearsay evidence.**

Hearsay evidence is evidence which depends for its probative force, in whole or in part, upon the competency and credibility of some person other than the witness, and is incompetent, except for well recognized exceptions to the rule, since the declarant does not speak under the sanction of an oath and is not subject to cross-examination, and a defendant in a criminal prosecution is entitled to have the essential facts proved in his presence by witnesses duly sworn and qualified.

**4. Same—Statements alleged to have been made by a witness are incompetent when they do not impeach or corroborate him.**

As a general rule statements alleged to have been made by a witness to which he does not testify, are incompetent as hearsay unless they tend to impeach or corroborate him, hearsay evidence being incompetent to establish any fact which is susceptible to proof by testimony of the witness speaking of his own knowledge.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Stack, J.,* at September Term, 1933, of ANSON.

Criminal prosecution tried upon indictment charging the defendant, Thomas Kluttz, the owner of a dwelling-house, with having feloniously procured his codefendant, Otis Rorie, to burn said dwelling-house, contrary to the provisions of C. S., 4175; and also charging the defendant, Otis Rorie, with having feloniously set fire to and burned said dwelling-house, contrary to the provisions of C. S., 4275.

The evidence on behalf of the State tends to show the guilt of both defendants as charged in the bill of indictment. Fayola Kluttz, 20-year-old daughter of the defendant, Thomas Kluttz, testified to the *corpus delicti* and to circumstances sufficient to establish the guilt of Otis Rorie. There was other evidence tending to connect Thomas Kluttz with the felony as an accessory before the fact.

Over objection, the wife of Thomas Kluttz, as a witness for the State, was allowed to corroborate all that her daughter had said in regard to the origin of the fire; and further: "Tom had moved everything out of the house. I am not mad with Rorie. Tom Kluttz is the one. . . . I am not pleased with Tom. . . . Before Tom and I separated, he offered to make me a deed to the house that was burned on condition that I sign the separation deed."

W. A. Scott, State Deputy Insurance Commissioner, a witness for the State, was allowed to testify, over objection, to a conversation he had with deputy sheriff W. C. Mangum as follows: "Mangum said that Rorie said he got the kerosene oil and that he carried it up to the

Kluttz place and set the house on fire. I wrote down Mr. Mangum's statement." Cross-examination: "My recollection is that Mr. Mangum told me that Rorie said he set fire to the house, but that is not in the statement of Mr. Mangum."

Verdict: Guilty as to both defendants.

Judgment: Three years on the roads as to both defendants and in addition the defendant Kluttz to pay a fine of $100 and all the costs.

The defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Robinson, Pruette & Caudle and McLendon and Covington for defendants.*

STACY, C. J., after stating the case: The wife of the defendant Kluttz was not competent to give evidence against her husband, in a prosecution like the present, C. S., 1802, and it was error as to him to permit her to do so. *S. v. Ashwell,* 193 N. C., 399, 137 S. E., 174; *S. v. Reid,* 178 N. C., 745, 101 S. E., 104; *S. v. Raby,* 121 N. C., 682, 28 S. E., 490; *S. v. Harbison,* 94 N. C., 885. See, also, *S. v. Spivey,* 151 N. C., 678, 65 S. E., 995, and *S. v. Cox,* 150 N. C., 846, 64 S. E., 199.

It was also error, which entitles the defendant Rorie to a new trial, to permit the witness Scott to testify that Mangum said Rorie said he set the house on fire. This was hearsay and did not corroborate Mangum who testified at the trial. Evidence is termed hearsay when its probative force depends in whole or in part upon the competency and credibility of some person other than the witness from whom the information is sought; and such evidence, with certain recognized exceptions not presently applicable, is uniformly held to be incompetent, the declarant not having spoken under the sanction of an oath and not having submitted to cross-examination. *S. v. Lassiter,* 191 N. C., 210, 131 S. E., 577; *S. v. Collins,* 189 N. C., 15, 126 S. E., 98; *S. v. Setzer,* 198 N. C., 663, 153 S. E., 118; *S. v. Simmons,* 198 N. C., 599, 152 S. E., 774; *S. v. Springs,* 184 N. C., 768, 114 S. E., 851; *S. v. Church,* 192 N. C., 658, 135 S. E., 769; *S. v. Lane,* 166 N. C., 333, 81 S. E., 620; *Young v. Stewart,* 191 N. C., 297, 131 S. E., 735; *Chandler v. Jones,* 173 N. C., 427, 92 S. E., 145; *King v. Bynum,* 137 N. C., 491, 49 S. E., 955; *Smith v. Moore,* 149 N. C., 185, 62 S. E., 892.

Hearsay evidence is incompetent to establish any specific fact, which, in its nature, is susceptible of being proved by witnesses who speak from their own knowledge. *S. v. Haynes,* 71 N. C., 79. It is a general principle in the law of evidence that the gravamen of an indictment,

or complaint, sought to be shown against a party, ought to be proved in his presence by witnesses duly sworn and qualified to tell the truth. *Satterwhite v. Hicks,* 44 N. C., 105.

Animadverting on the subject in *Mima Queen & Child v. Hepburn,* 11 U. S., 290, *Chief Justice Marshall,* delivering the opinion of the Court, said: "It was very justly observed by a great judge that 'all questions upon the rules of evidence are of vast importance to all orders and degrees of men: our lives, our liberty, and our property are all concerned in the support of these rules, which have been matured by the wisdom of ages, and are now revered from their antiquity and the good sense in which they are founded.'

"One of these rules is, that 'hearsay' evidence is in its own nature inadmissible. That this species of testimony supposes some better testimony which might be adduced in the particular case, is not the sole ground of its exclusion. Its intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact, and the frauds which might be practiced under its cover, combine to support the rule that hearsay evidence is totally inadmissible.

"To this rule there are some exceptions which are said to be as old as the rule itself. These are cases of *pedigree,* of *prescription* of *custom,* and in some cases of *boundary.* There are also matters of general and public history which may be received without that full proof which is necessary for the establishment of a private fact."

This case affords a striking illustration of the wisdom of the rule which excludes hearsay. Mangum as a witness for the State did not quote Rorie as saying he set the house on fire, but Scott testifies this is what Mangum told him Rorie said, though the written memorandum made at the time omits any reference to this quotation. Evidently another case of "The Three Black Crows." (John Byron.)

The general rule is, that statements alleged to have been made by a witness, which neither corroborate nor impeach him and about which he does not testify while on the stand, are inadmissible as hearsay. *Bradley v. R. R.,* 126 N. C., 735, 36 S. E., 181; *Hardister v. Richardson,* 169 N. C., 186, 85 S. E., 304; *Nowell v. Basnight,* 185 N. C., 142, 116 S. E., 87. Both defendants are entitled to a new trial. It is so ordered.

New trial.

SCHENCK, J., took no part in the consideration or decision of this case.