# Richmond

## CHRISTOPHER COLUMBUS MCMILLAN v. COMMONWEALTH OF VIRGINIA.

November 22, 1948.

Record No. 3428.

Present, All the Justices.

*George M. Warren,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Henry T. Wickham, Special Assistant to the Attorney General,* for the Commonwealth.

HUDGINS, C. J., delivered the opinion of the court.

Christopher Columbus McMillan was convicted of pandering and sentenced to confinement in the penitentiary for 18 months.

His assignments of error are, (1) refusal of the court to set aside the verdict on the ground that it is not supported by competent evidence; (2) the admission, over his objection, of statements and acts of his wife tending to show his guilt; and (3) the refusal of the court to sustain his objection to improper argument of the attorney for the Commonwealth to the jury.

No part of the argument of the attorney for the Commonwealth was made a part of the record, hence there is nothing before us to consider on the third assignment of error.

Arna Gay Martin, a girl fifteen years of age, testified that she ran away from her home in Rossmore, West Virginia, spending a few days in Lexington and a week or more in Roanoke, Virginia. She came to Bristol sometime in

October. On October 28th, around ten p. m. she met "Albert" on the street and told him that she desired to make dates with men. He took her to the Virginia Annex Hotel. As they went through the lobby, Albert, an employee of the hotel, talked to the manager, and then, without requiring her to register, he took her to room No. 108. Soon thereafter the accused, another negro employee of the hotel, whom she had never seen before, took her from her room to room No. 205. He took her to different rooms to fill five other engagements. She had intercourse six times with five different men who paid her $30.00, $12.00 of which she gave to the accused; that is, she gave the accused $2.00 out out of every $5.00 she collected. She left this hotel about five a. m., registered at another hotel where she slept until three p. m. About 7:30 p. m. she returned to the Virginia Annex Hotel when Albert assigned her to another room. She stayed there until 11:30 p. m. but made no other engagements. A few days thereafter she was arrested and told to stay at the YWCA until date of trial.

The accused testified that on October 28, at 11:00 p. m. he reported for duty at the hotel and immediately answered a call from room No. 110 where he found Miss Martin who told him that a friend of hers was registered in room No. 205 with two other men and asked him to let her know when they came in. Shortly thereafter he saw the men go to their room. He notified the girl of that fact. Later he answered a call from the room, saw the girl sitting on the bed. One of the men gave him $5.00 to bring them sandwiches and ice. When he delivered the sandwiches and ice, which cost 75¢, he was told to keep the change, which he did. Later he saw the girl in the hall and told her she had better be careful how she walked around, the clerk might see her. She told him she was going to the bath room. This was the extent of his dealings with her. He never saw her again or said anything else to her. He denied receiving any money from her or making any engagements for her.

While the testimony is in sharp conflict, it is sufficient to support the verdict of the jury.

The second assignment of error is based on the following statements of Miss Martin: "The porter's wife (meaning the wife of the accused) told me to go home," and "his wife bought me a ticket to Logan, West Virginia."

While the attorney for the accused objected to both statements he did not state his ground of objection to either statement. Under these circumstances, we cannot consider the ruling of the court on the admissibility of the evidence. Rule 22 provides: "In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of objection, and, unless it appears from the record to have been so stated, such objections will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice." Even if we could consider this objection, we would have to hold the admission of this evidence harmless error, because the accused himself introduced evidence of a similar nature.

Miss Martin, on cross-examination, stated that while she was staying at the YWCA the wife of the accused came to see her and that the wife, Everett Combs, Margaret Houston, and the father of the accused, took her in an automobile owned by the wife and driven by Everett Combs from Bristol to Johnson City, Tennessee, for the purpose of getting her out of the jurisdiction of the court so that she could not be compelled to attend the trial and testify against the accused.

The fact that the wife told Miss Martin to go home, and her act in buying the ticket to Logan, West Virginia are simply corroborative of other evidence elicited by the accused himself tending to prove that his friends sought to get the witness to leave the jurisdiction of the court. Under these circumstances, the admission of the improper testimony became harmless error.

Evidence that a person charged with a crime procured, or attempted to procure, the absence of a witness, or to bribe or suppress testimony against him, is admissible,

as it tends to show the unrighteousness of the defendant's cause and a consciousness of guilt. 1 Wharton's Criminal Evidence, Eleventh Ed. p. 410. Evidence of tampering by a third party with a witness to be called against the accused is only admissible where such third party is acting with the authority, or the knowledge and consent, of the accused. The privity of the accused to such conduct must be proven before such evidence is admissible.

Code, section 6211, provides: "In criminal cases husband and wife shall be allowed, and subject to the rules of evidence governing other witnesses, may be compelled to testify in behalf of each other, but neither shall be compelled, nor without the consent of the other, allowed to be called as a witness against the other, * * *'' except in a prosecution for an offence committed against the other.

■ Under the provisions of this statute one spouse is not a competent witness against the other. *Meade* v. *Commonwealth*, 186 Va. 775, 43 S. E. (2d) 858, 173 A. L. R. 372, and cases there cited. Any extrajudicial statement made by one spouse as such against the other is likewise inadmissible.

It is stated in 8 Wigmore on Evidence, section 2232, "*Extrajudicial admissions* are a sort of testimony * * *; hence, they are equally privileged with testimony on the stand. The same result, to be sure, may be reached by another principle, for since the wife or husband is not ordinarily an agent for the other, * * * the former's extrajudicial statements are mere hearsay assertions and therefore inadmissible. Whichever theory the judicial rulings may have had in mind, it is settled that such *admissions are not receivable*, either when the spouse making them is a third person as to the litigation, or when he or she is a party to the cause; in the latter case, they are receivable as against the maker alone."

In *State* v. *Reid*, 178 N. C. 745, 101 S. E. 104, it is said: "Under our statute * * * the wife was neither competent nor compellable to testify to her husband's hurt in a proceeding of this character, and *a fortiori* her declarations

against him should not be received when not made in his presence nor by his authority."

The Attorney General contends that the admission of this evidence was not a violation of the provisions of Code, section 6211. The only authority he cites in support of this contention is *State* v. *Kosanke,* 23 Wash. (2d) 211, 160 P. (2d) 541. The prosecution in that case was for statutory rape. The parents of the child testified that the accused and his wife had tried to persuade them to move to the State of Idaho and take the child with them so that they could not be required to appear as witnesses against him in the State of Washington, and in detailing these interviews the parents of the child testified as to conversations they had had with his wife on this subject. The court held that the conduct on the part of the accused, or that of someone acting in his behalf, at his request, or with his knowledge and consent, having for its purpose the prevention of the witnesses appearing and testifying at his trial, is pertinent evidence and a circumstance to be considered by the jury as tending to show indirect admission of guilt. The court, in overruling the objection to the admission of the evidence, said "that whatever the wife of the defendant did with reference to any persuasion to have the witnesses absent themselves from the trial, was either at the request of the appellant or was done with his knowledge and consent." The substance of the ruling of the court was that the wife was not acting as such, but was acting as a duly authorized agent of the accused in trying to suppress testimony, and that under such circumstances the provision of a statute prohibiting one spouse from testifying against another did not apply.

This same principle was stated in *Allen* v. *Commonwealth,* 171 Va. 499, 198 S. E. 894. There the accused objected to the introduction of a letter written by the wife at the request of the accused, on the ground that the admission of such evidence was a violation of the statute. Mr. Justice Holt, speaking for the court in sustaining the ruling of the trial court admitting the letter in evidence, said: "So far

as this case is concerned, that statute (6211) merely tells us that the wife cannot be compelled to testify against her husband. It has no application here. Any letter which might have been written by anybody, unless done with the consent of the accused, would be inadmissible. If it was in fact written at his instance, it is admissible because it is in substance his letter." *State* v. *Stone*, 111 Or. 227, 226 P. 430; *Perfect* v. *State*, 197 Ind. 401, 141 N. E. 52.

While the admission of the statements of the wife of the accused was error, the reasons for the objections were not stated and hence we cannot consider them. Their effect upon the rights of the accused was rendered harmless by the fact that he himself brought out the same or similar evidence on his cross-examination of the prosecutrix.

The judgment of the trial court is affirmed.

*Affirmed.*