## STATE v. FRED WARREN.

(Filed 29 October, 1952.)

**1. Automobiles § 30d—**

In a prosecution for drunken driving, the arresting officer may be asked his opinion as to whether at the time the arrest was made the defendant was under the influence of liquor. G.S. 20-138.

**2. Criminal Law § 78d (3)—**

Ordinarily, where the answer of a witness to a proper question is not responsive and contains an incompetent statement beyond the scope of the question, defendant must object to the answer and move the court to strike it out or instruct the jury not to consider it, and failure to do so will be regarded as a waiver of objection.

**3. Same—**

The rule that defendant must object to an unresponsive answer containing incompetent testimony does not apply when the answer of the witness contains evidence forbidden by statute in the furtherance of public policy, but in such instance it is the duty of the julge on his own motion to withdraw such testimony.

**4. Same: Criminal Law § 41d—**

Testimony of a State's witness of a declaration of defendant's wife to the effect that if defendant had not been driving so slow "he wouldn't have been caught" entitles defendant to a new trial notwithstanding his failure to move to strike the answer, since by statute the wife may not be compelled to testify against her husband, G.S. 8-57, and *a fortiori* her declarations against him not made in his presence or by his authority are precluded by the statute.

**5. Automobiles § 30d—**

Defendant's motion for judgment of nonsuit in this prosecution for drunken driving *held* properly denied under authority of *S. v. Carroll*, 226 N.C. 237. G.S. 20-138.

APPEAL by defendant from *Burney, J.,* February Term, 1952, of GREENE. New trial.

The defendant was charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of G.S. 20-138.

In support of the charge the State offered the testimony of a highway patrolman and two other officers to the effect that they observed the defendant driving an automobile on the highway, that they stopped him and found him under the influence of intoxicating liquor and arrested him.

The defendant denied his guilt and offered the testimony of several witnesses tending to show he was not under the influence of intoxicating liquor on the occasion alleged.

The jury returned verdict of guilty as charged, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Samuel Behrends, Jr., Member of Staff, for the State.*

*C. W. Beaman and K. A. Pittman for defendant, appellant.*

DEVIN, C. J. The defendant assigns error in the ruling of the trial court in the admission of the following testimony elicited by the Solicitor from a State's witness, one of the officers who assisted in making the arrest:

"Q. From your observation of him, state whether or not, in your opinion, he was very much under the influence of liquor?

"Objection—overruled—exception.

"A. Yes, sir, his wife was there talking, and she said if he had not been going so slow he wouldn't have been caught."

At the outset we may observe that it is not entirely clear whether the questioned declaration of defendant's wife, as testified by the witness, referred to the defendant or defendant's witness Vines as having been "caught." But as the defendant was the only person caught, in the sense of having been arrested on that occasion, we must assume the wife's statement referred to the defendant.

There was nothing in the record to show that the statement was made in the presence of the defendant. Subsequently the defendant offered his wife as a witness, but she was not asked about the statement attributed to her by the State's witness.

The objection to the question propounded to the witness is without merit. It was competent for the officer to express his opinion that the defendant was intoxicated. *S. v. Dawson,* 228 N.C. 85, 44 S.E. 2d 527; *S. v. Harris,* 213 N.C. 648, 197 S.E. 142.

The defendant, however, assigns error in the admission of the answer. The general rule is that if the answer of the witness to a proper question is not responsive and an incompetent statement beyond the scope of the question is added, the proper course is to object to the answer and move the court to strike out the answer or instruct the jury not to consider it. *Edgerton v. Johnson,* 217 N.C. 314 (317), 7 S.E. 2d 535; *Hodges v. Wilson,* 165 N.C. 323, 81 S.E. 340. This course was not pursued by the defendant in this instance, with the result that the testimony of the State's witness incorporating the declaration of defendant's wife would be regarded as admitted without objection.

But the defendant challenges the competency of the declaration of defendant's wife on the ground that it violates the statutory prohibition of G.S. 8-57 that neither husband nor wife shall be "competent or com-

pellable" to give evidence against the other, and that the court erred in permitting it to be considered by the jury.

Ordinarily failure to object in apt time to incompetent testimony will be regarded as a waiver of objection, and its admission is not assignable as error, but this rule is subject to an exception where the introduction or use of the evidence is forbidden by statute in the furtherance of public policy. *S. v. Ballard,* 79 N.C. 627; *S. v. Gee,* 92 N.C. 756; *Broom v. Broom,* 130 N.C. 562, 41 S.E. 673; *Hooper v. Hooper,* 165 N.C. 605, 81 S.E. 933; *S. v. Reid,* 178 N.C. 745, 101 S.E. 104; *S. v. Aswell,* 193 N.C. 399, 137 S.E. 174; *S. v. Kluttz,* 206 N.C. 726, 175 S.E. 81.

In *Hooper v. Hooper,* 165 N.C. 605, 81 S.E. 933, where evidence rendered incompetent by statute was admitted, the Court said: "In such case it became the duty of the trial judge to exclude the testimony, and his failure to do so must be held for reversible error, whether exception has been noted or not." The headnote in *S. v. Ballard,* 79 N.C. 627, accurately states the rule: "In such cases it is the duty of the judge, on his own motion, to disallow the evidence." And in *Broom v. Broom,* 130 N.C. 562, 41 S.E. 673, the Court said that failure to object to testimony prohibited by statute could not make it competent. "No exception at the time was necessary."

In *S. v. Reid,* 178 N.C. 745, 101 S.E. 104, *Justice Hoke,* speaking for the Court, said: "Under our statute, Revisal, Secs. 1634 and 35 (now G.S. 8-57), the wife was neither competent nor compellable to testify to her husband's hurt in a proceeding of this character and, *a fortiori,* her declarations against him should not be received when not made in his presence nor by his authority."

While the statement attributed to the defendant's wife does not contain a direct or positive admission of guilt on the part of her husband, the inference is unmistakably incriminating and harmful.

Defendant's motion for judgment of nonsuit was properly denied. *S. v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688.

For the reasons stated we think a new trial should be awarded, and it is so ordered.

New trial.