## STATE v. NORRIS DILLAHUNT.

(Filed 26 September, 1956.)

**Criminal Law §§ 41d, 78d(1)—**

The admission of testimony of an incriminating statement made by defendant's wife not in his presence must be held for prejudicial error even in the absence of objection, since such testimony is made incompetent by statute. G.S. 8-57.

JOHNSON, J., not sitting.

APPEAL by defendant from *Fountain, S. J.,* May, 1956 Special Term, CRAVEN Superior Court.

Criminal prosecution upon an indictment charging the defendant, Norris Dillahunt, with felonious assault with a deadly weapon on Fred Hall, inflicting serious injury not resulting in death. At the trial, Sheriff Berry, a witness for the State, testified without objection that defendant's wife made the statement that shortly before the difficulty the prosecuting witness passed her mother's house in a car and that her husband followed him. The parties were in dispute as to which started the shooting.

The jury convicted the defendant of assault with a deadly weapon. From the judgment imposed, he appealed, assigning as error the failure of the trial judge *ex mero motu* to exclude the wife's statements made to the sheriff.

*George B. Patton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*
*Cecil D. May and John D. Larkins for defendant, appellant.*

PER CURIAM.   In a criminal action neither the husband nor the wife is competent to testify against the other. G.S. 8-57. The rule is subject to certain exceptions not material here. The prohibition extends to declarations made by one spouse not in the presence of the other. It is the duty of the presiding judge to exclude such evidence. Objection is not necessary. *S. v. Warren,* 236 N.C. 358, 72 S.E. 2d 763. The Attorney General concedes the State's inability to distinguish between this and the *Warren case* and on its authority the assignment of error is sustained and a new trial ordered.

New trial.

JOHNSON, J., not sitting.