STATE OF NORTH CAROLINA v. WILLIE JACKSON

No. 8116SC820

(Filed 6 April 1982)

**1. Criminal Law § 83— husband-wife privilege—admission of confidential com-
munications—harmless error**

   Even if an officer's testimony as to what defendant's wife told him about
   defendant's conduct on the day in question concerned confidential communica-
   tions between husband and wife which tended to show flight, tended to bolster
   testimony by the prosecutrix that defendant was drinking, and showed that
   defendant did not deny guilt to his wife, the admission of such testimony was
   not prejudicial error where there was other evidence of flight and drinking
   and defendant's statements to his wife contained no admission of guilt.

**2. Criminal Law § 99.2— denial of unnamed motion—no expression of opinion**

   The trial court did not express an opinion when the court asked defense
   counsel at the close of the evidence whether he wanted to make a motion,
   defense counsel stated, "Yes, sir, I would," and the court responded, "Motion
   denied," since it appears that both defense counsel and the trial court
   understood the motion to which each was referring and that no error resulted.

APPEAL by defendant from *Barefoot, Judge.* Judgment
entered 19 March 1981 in Superior Court, ROBESON County.
Heard in the Court of Appeals 12 January 1982.

Defendant was indicted for larceny of a firearm. He pleaded
not guilty.

State presented Grace Turner as a witness. She testified that
the defendant came to her home on the morning of 26 October

1980 to borrow a wrench. Defendant sat in a chair next to a television while Turner went into another room to get the wrench. Upon returning, Turner noticed that the .38 pistol that she kept on the television was gone. She accused defendant, but he denied taking the pistol. Defendant gave Turner his name and address and telephone number. Defendant had a liquor bottle stuck under his belt in front, and he took a drink from the bottle and got a drink of water from Turner before leaving. Turner then called the police. Officer Elbert Ivey responded to the call. He saw defendant about half a block away from Turner's house. Defendant took something from his pocket and put it under a car. Officer Ivey stopped and retrieved a liquor bottle from underneath the car. He called defendant over and saw "the impression of some type of handgun" sticking in defendant's belt under his shirt. He said that he wanted to talk to defendant about a gun, and defendant ran away. The officer went on to defendant's house and talked with defendant's wife. The officer testified

> she said he hadn't been home since early that morning, and when he left, he was drinking pretty heavy, and he had some whiskey with him. I went back later for him in the afternoon and talked with Miss Jackson, and she stated that Willie came home, got some canned goods in a bag, and a blanket and said he was going to the woods; said the law was looking for him.

The officer arrested defendant two days later but did not recover Turner's pistol.

Defendant was convicted and sentenced to imprisonment. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney John R. Corne, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defenders Malcolm R. Hunter, Jr., and Lorinzo L. Joyner, for defendant appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant's first argument on appeal involves the testimony of Officer Ivey, quoted above, as to what defendant's wife told him about defendant's conduct on the day in question. Defendant

argues that the wife's declarations concern confidential communications between husband and wife and that the trial judge should have excluded this testimony on his own motion. Defendant cites *State v. Dillahunt*, 244 N.C. 524, 94 S.E. 2d 479 (1956), and *State v. Warren*, 236 N.C. 358, 72 S.E. 2d 763 (1952). Accepting defendant's contentions *arguendo*, we nonetheless find the error harmless in this case. In awarding a new trial in *Warren*, our Supreme Court noted that the inference contained in the statement attributed to the defendant's wife in that case was "unmistakably incriminating and harmful." *Id.* at 360, 72 S.E. 2d at 764. We cannot say the same here. Defendant argues that his wife's declarations were prejudicial since they provided evidence of flight, since they showed that he had been drinking and thereby bolstered Turner's testimony, and since they showed that he did not deny his guilt to his wife. However, there was other evidence of flight through the testimony of Officer Ivey. Officer Ivey's testimony also tended to show that the defendant was carrying a bottle of liquor on the day in question. Although the wife's declarations contained no denial of defendant's guilt, they contained no admission of guilt either. Defendant only told her that the law was looking for him. In short, we conclude that defendant has not carried the burden imposed by G.S. 15A-1443(a) of showing that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."

[2] In his second argument on appeal, the defendant contends that the trial judge expressed an opinion on the merits of the case through his denial of a defense motion at the close of evidence and through his unbalanced summary of the evidence. At the close of evidence we find the following exchange:

    [DEFENSE COUNSEL]: . . . Defendant offers no evidence, your Honor.

    THE COURT: You want to make a motion?

    [DEFENSE COUNSEL]: Yes, sir, I would.

    THE COURT: Motion denied.

Defendant cites *State v. Goode*, 300 N.C. 726, 268 S.E. 2d 82 (1980); however, that case is easily distinguishable from the present one. In *Goode* the trial judge in the presence of the jury

---

denied unnamed motions before they were made and then immediately denied defense counsel's request for a short recess to decide whether defendant would offer evidence. In finding an abuse of discretion, our Supreme Court relied almost exclusively on the denial of the defense motion for a recess. *Goode* does not stand for the proposition that the denial of unnamed motions alone constitutes an abuse of discretion or the expression of an opinion prejudicial to defendant. Although we do not approve the practice, we believe that in the present case both defense counsel and the trial judge understood the motion to which each was referring and that no error resulted. Defendant also argues that the trial judge's summary of the evidence in his charge was unbalanced in favor of the State. G.S. 15A-1232 requires the trial judge to summarize the evidence only to the extent necessary to explain the application of the law thereto. Where, as in the present case, defendant presents no evidence, the judge must nonetheless summarize evidence favorable to defendant which is brought out on cross-examination if necessary to explain the application of the law. However, this requirement does not apply when the evidence on cross-examination is of only an impeaching effect and does not go to the establishment of a substantive defense. *State v. Moore*, 301 N.C. 262, 271 S.E. 2d 242 (1980). We find no error in the summary of the evidence herein.

No error.

Judges WEBB and WELLS concur.