COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia

RICHARD SHANE VIA

v.     Record No. 0609-94-3          MEMORANDUM OPINION[*] BY
                                     JUDGE LAWRENCE L. KOONTZ, JR.
COMMONWEALTH OF VIRGINIA,                  AUGUST 1, 1995


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
George E. Honts, III, Judge

Stephen R. Wills (William L. Heartwell, III;
William L. Heartwell, III, P.C., on briefs), for
appellant.

H. Elizabeth Shaffer, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Richard Shane Via (Via) appeals his convictions for breaking
and entering and grand larceny pursuant to Code §§ 18.2-91 and
18.2-95, respectively.  Via asserts that the trial court erred in
denying two motions to suppress evidence, in denying a motion for
mistrial and in denying a motion to dismiss the indictments.  For
the following reasons, we affirm Via's convictions.

We restate only the facts relevant to our holding.  Via
moved to suppress inculpatory letters he had written to Trudy
Crowe (Crowe) on the ground that they were obtained in violation
of the Fourth Amendment guarantee against unreasonable searches
and seizures.  Via contends that Crowe was coerced into
surrendering the letters to police.  Assuming, without deciding,
that Crowe did not voluntarily surrender the letters, we hold

_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that Via has no standing to challenge their admission against him in a criminal trial.

"A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Rakas v. Illinois, 439 U.S. 128, 135 (1978). In order to challenge the admissibility of evidence, the accused must establish "that he himself was the victim of an invasion of privacy." Jones v. United States, 362 U.S. 257, 261 (1960). Since Via failed at trial to establish any invasion of his own privacy, the ruling of the trial court denying the motion to suppress is affirmed.

Via further contends that the letters should have been excluded because they contained little probative value and were extremely prejudicial. In the letters, Via instructed Crowe to testify that the property allegedly taken in the larceny was in fact hers. He also urged her to "bust out into tears" under cross-examination. These instructions evince an intent to suborn perjury. Therefore, the letters were probative of Via's guilty state of mind and his criminal agency in the burglary. United States v. Hughes, 716 F.2d 234, 240-41 (4th Cir. 1983); see also McMillan v. Commonwealth, 188 Va. 429, 432-33, 50 S.E.2d 428, 430 (1948).

Via asserts that any probative value in the letters is outweighed by unfair prejudice they created. He contends that the jurors could infer from the content of the letters that he

-2-

was in jail when he wrote them and also that he held a general contempt for authority. While these are both prejudicial aspects of the letters, "[t]he responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court. The exercise of that discretion will not be disturbed in the absence of a clear abuse." Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617, cert. denied, 498 U.S. 998 (1990). Here, the trial court properly determined that the probative value of the letters exceeded any potential harm that might have arisen out of the inferences that they were written from jail or that Via was contemptuous of authority.

Via next contends that the trial court erred in denying his motion for a mistrial for prosecutorial misconduct. During closing argument, defense counsel attacked the credibility of a prosecution witness named Patricia Stanley. Mrs. Stanley immediately left the courtroom in tears. In his closing argument, the Commonwealth's Attorney made reference to Mrs. Stanley's reaction. Defense counsel objected, stating that Mrs. Stanley's conduct was not a part of the trial record. The prosecutor withdrew this statement, and the court issued a curative instruction to the jury. The Commonwealth's Attorney then said, "The point is, ladies and gentlemen, Patricia Stanley wasn't given an opportunity to respond to any such accusations, she was sitting right here on her oath . . . ." Defense counsel again objected and moved for a mistrial. The motion was denied.

–3–

Via contends that the trial court should have issued another curative instruction after the second statement because the jury may have misinterpreted it as again referring to the off-record actions of the witness. This is a matter properly left in the sound discretion of the trial court:

> When a motion for mistrial is made, based upon an allegedly prejudicial event, the trial court must make an initial factual determination, in the light of all the circumstances of the case, whether the defendant's rights are so "indelibly prejudiced" as to necessitate a new trial. Unless we can say as a matter of law that this determination was wrong, it will not be disturbed on appeal.

LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), cert. denied, 464 U.S. 1063 (1984).

The Commonwealth's Attorney's first statement was withdrawn, and the court issued a proper curative instruction to the jury. The jury is presumed to have followed the instruction. Id. The next statement referred only to the fact that Mrs. Stanley had not been confronted with the allegation of perjury while she was on the witness stand, when she could have responded. Such a reference is permissible during closing argument. Therefore, we cannot say that as a matter of law the trial court's determination on the issue of indelible prejudice was wrong.

Finally, Via contends that the trial court erred in denying his motion to dismiss the indictments. At the pretrial hearing, Via alleged that police misconduct interfered with his Sixth Amendment right to effective assistance of counsel and his due process right to call his own witnesses.

Originally, Via intended to call Crowe as a defense witness at trial. On January 25, 1994, two police detectives visited Crowe, and she made a recorded statement inculpating Via. Defense counsel then visited Crowe and told her that he could no longer call her as a witness because she had lied to him. At the pretrial hearing, defense counsel testified that the following morning he was informed by police that a complaint had been filed against him for threatening and harassing Crowe. The officer told him that he would be charged with trespassing if he attempted to visit Crowe and that he was permitted to speak with her only through a third party. Crowe testified that she made no complaint against defense counsel and that he did not threaten or harass her. Defense counsel did contact Ms. Crowe through a third party and subsequently contacted her directly. Finally, Via did call her as a witness for the defense, and she testified on his behalf.

The police conduct at issue was apparently designed to intimidate defense counsel and was, therefore, improper. However, Via offered no evidence that his counsel's performance was deficient or that the police conduct actually prejudiced his defense. Absent a showing of prejudice at trial, no remedial action by the trial court was required.[1] Via and his counsel had

---

[1] We do not address whether dismissal would have been the appropriate remedy had appellant suffered prejudice. However, we do not agree with appellant's position that Taylor v. Commonwealth, 4 Va. App. 45, 47, 354 S.E. 2d. 74, 76 (1987), mandates that dismissal is the only remedy for prejudice in such circumstances.

other avenues of redress for the police misconduct.

Via also claimed the police misconduct interfered with his right to call his own witnesses, a fundamental element of due process. Jenkins v. Commonwealth, 244 Va. 445, 459, 423 S.E.2d. 360, 369 (1992), cert. denied, ___ U.S. ___, 113 S. Ct. 1862 (1993). The record indicates that he recalled Crowe to testify on his behalf and that she did so. The record further indicates that counsel interviewed Crowe on several occasions after the police misconduct occurred. Via's ability to prepare and call his own witnesses was not impaired by the improper conduct of the police in this case. Accordingly, the trial court properly denied his motion for dismissal.

For these reasons, we affirm Via's convictions.

Affirmed.