## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

Sean J. Wallace

March 29, 2006

Case No. (Criminal) 05-1148

■

BY JUDGE MARK S. DAVIS

This matter is before the Court on the motion in limine of defendant Sean J. Wallace. The factual and procedural background of the case, discussion of the issue, and conclusion are set forth below.[1]

### I. *Factual and Procedural Background*

The Commonwealth alleges that, on or about September 26, 2004, defendant did willfully, deliberately, and with premeditation kill and murder Vernon R. Watson, Jr., in violation of Va. Code § 18.2-32 (count one). The Commonwealth further alleges that, on or about that same date, defendant did use, attempt to use, or display in a threatening manner a firearm while committing or attempting to commit murder in violation of Va. Code § 18.2-53.1 (count two). On June 7, 2005, the grand jury returned a true bill on the Commonwealth's indictment of the defendant. (The defendant was also indicted for possession of a firearm by a convicted felon in violation of Va.

---

[1] The Commonwealth was represented at the hearing by Almetia Fields Hardman, Esq., with the Portsmouth Commonwealth's Attorney's Office. The defendant was represented by Sonya Weaver Roots, Esq., with Weaver Law Offices.

Code § 18.2-308.2, in a third count, but that count was severed from the other two counts.)

The trial was scheduled for March 28, 2006. Because two necessary witnesses subpoenaed by the Commonwealth failed to appear, the case was continued, over the defendant's objection, to April 4, 2006. However, since the defendant had filed a motion in limine, the Court heard argument and took the matter under advisement.

Defendant asks the Court to exclude from evidence at the trial "[a]ny mention of any altercation between the defendant, Sean Wallace, and Jamal Knowles which resulted in an assault and battery charge and conviction. . . ."[2] The Commonwealth claims that the defendant made statements to Knowles indicating that he (defendant) shot the victim and that Knowles later notified the police of that statement. The Commonwealth further claims that Knowles will testify that while he and the defendant were subsequently incarcerated together, the defendant assaulted Knowles, made several statements to Knowles about being a snitch and testifying against him, and suggesting that Wallace would pump Knowles "full of shells" if Knowles testified in the case.

Defendant's counsel asserts that such evidence is not relevant. Defendant's counsel further asserts that, even if it is relevant, the prejudice to defendant of the jury knowing of the altercation outweighs any probative value of such evidence. The Commonwealth counters that evidence of such altercation is relevant because it corroborates Knowles' assertion that defendant admitted the shooting to Knowles.

## II. Discussion

Any evidence that tends to prove or disprove a criminal defendant's guilt is relevant and admissible, unless it is unduly prejudicial. *Fritter v. Commonwealth*, 45 Va. App. 345, 352, 610 S.E.2d 887, 890 (2005); *Ragland v. Commonwealth*, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993) (describing test for relevancy and balancing process). "Evidence that a person charged with a crime procured, or attempted to procure, the absence of a witness, or to bribe or suppress testimony against him, is admissible, as it tends to show the unrighteousness of the defendant's cause and consciousness

---

[2] The Court understands defendant's motion to be directed toward evidence of the altercation itself, not oral statements allegedly made by defendant during the altercation. Such statements are, of course, admissible as an admission of a party opponent. *Alatishe v. Commonwealth*, 12 Va. App. 376, 377-78, 404 S.E.2d 81, 82 (1991).

of guilt." *Ragland*, 16 Va. App. at 920, 434 S.E.2d at 679 (quoting *McMillan v. Commonwealth*, 188 Va. 429, 432-33, 50 S.E.2d 428, 430 (1948)). This proposition, so stated, amounts to a recognition that such evidence is relevant and generally more probative than prejudicial.

As Professor Friend notes, it is obvious that most of the evidence which is introduced against a party is prejudicial to that party to some degree. Therefore, the mere fact that prejudice will result is not determinative. Charles E. Friend, *The Law of Evidence in Virginia*, § 11-3 (6th ed. 2003). "Virginia law, however, intervenes only when the alleged prejudice tends to inflame irrational emotions or leads to illegitimate inferences. And even then, it becomes a matter of degree." *Thomas v. Commonwealth*, 44 Va. App. 741, 758, 607 S.E.2d 738, 746 (2005) (cited in 2005 supplement to Friend volume).

The altercation described by the Commonwealth falls within the description of a criminal defendant's attempt to procure the absence of a witness or suppress testimony against him. In *McMillan*, the evidence at issue was a statement by the victim that the wife of the accused " 'told me to go home,' and 'his wife bought me a ticket to Logan, West Virginia'." *McMillan*, 188 Va. at 432, 50 S.E.2d at 429.[3] In *Ragland*, 16 Va. App. at 920, 434 S.E.2d at 679, the Court affirmed a trial court's admission of evidence that the defendant threw a note to another inmate. This *action*, in addition to the contents of the note, was said to be evidence of the defendant's attempts to suppress evidence. *Id.*

These cases simply recognize the broader principle that the "acts or conduct of a party may be admitted into evidence, because they show a 'consciousness of guilt' and thus constitute, in effect, an admission by conduct." Charles E. Friend, *The Law of Evidence in Virginia*, § 18-49(a)(1) (6th ed. 2003). As the Virginia Supreme Court said in *Gray v. Graham*, 231 Va. 1, 9-10, 341 S.E.2d 153, 158 (1986) (quoting *Neece v. Neece*, 104 Va. 343, 348, 51 S.E. 739, 740 (1905)), "[i]n general, a party's conduct, so far as it indicates his own belief in the weakness of his cause, may be used against him as an admission, subject to any explanations he may be able to make removing that significance from his conduct."

---

[3] While the *McMillan* Court held that it was error to admit the statement of the wife of the accused because of spousal immunity, *McMillan*, 188 Va. 435, 50 S.E.2d at 431, *overruled in part by Coppola v. Commonwealth*, 220 Va. 243, 251, 257 S.E.2d 797, 803 (1979), it made no mention of any error in the trial court's admission of the statement regarding the *actions* of the accused's wife in purchasing the ticket, thereby tacitly recognizing the *action* as evidence of an admission.

Defendant suggests that the prejudice to him outweighs any probative value. As noted above, most evidence introduced by one party will tend to be prejudicial to the other party. The question here is whether the prejudice will inflame irrational emotions or lead to illegitimate inferences. Based upon the proffer of the parties, the Court believes that the jury can consider the probative value of the altercation without having its emotions irrationally inflamed. Accordingly, as recognized by the cases discussed above, the evidence of the altercation is more probative than prejudicial.

### III. *Conclusion*

For the reasons stated above, the defendant's motion in limine is denied. Since the position of the defendant was stated on the record and since defendant filed a written motion in limine, the Court will dispense with the Va. Sup. Ct. R. 1:13 counsel endorsement requirement. It is so ordered.