M. C. PERKINS v. J. L. PERKINS.

*Divorce—Evidence.*

1. In divorce for alleged adultery, neither the husband nor the wife is a competent witness; nor shall the admissions of either be received as evidence to prove the fact. Bat. Rev., ch. 17, § 341.

2. Evidence of the physical condition of the party with whom the adultery is alleged to have been committed, was properly excluded where no acts of intimacy had been shown.

(*Hansley* v. *Hansley*, 10 Ired., 506, cited and approved).

CIVIL ACTION for divorce tried at July Special Term, 1882, of GASTON Superior Court, before *Gudger, J.*

The plaintiff brings this action against his wife, seeking to be divorced *a vinculo matrimonii*, and alleges that he intermarried with the defendant in Gaston county in August, 1857—both being then and at all times since residents of said county; that about the 15th of July, 1872, the defendant was guilty of adultery with one Michael Rhodes, and was before and after that time guilty of repeated acts of adultery with said Rhodes and other persons in said county; that plaintiff then separated himself from her, and has had no intercourse with her since that time, and therefore he prays to be divorced.

The statement of the case on appeal is as follows: "After the jury were empannelled, the plaintiff showed forth in evidence that the parties had intermarried in 1857, and had lived together as man and wife in Gaston county till the year 1872, when, for the causes hereinafter set out and also shown forth in evidence, the plaintiff separated from his wife, and has not lived with her since. For three months prior to such separation, the plaintiff had been absent at work in South Carolina, and when he returned, a short while before the separation, he was a sound and healthy man. When he returned, his wife was suffering with what appeared to be some affection of the skin, and shortly thereafter

and in the time usual for the communication of said disease, the plaintiff began to be similarly affected. Upon his first returning, he consulted a physician as to the character of his wife's affection, and was told that it was merely a disease of the skin; but when he was himself affected, he advised with another physician, and was informed that it was syphilis. Both he and his wife had syphilis, he having contracted the same from her, and from the effects of which he had never recovered, even up to the time of the trial."

"The plaintiff then proposed to show that, when he returned and told his wife what the physician pronounced her disorder to be, she declared that Michael Rhodes, the party charged in the complaint, had given her the disease, and to show that she had made similar statements, both before and after their separation; but this evidence was excluded by the court."

"The plaintiff then offered evidence going to show that, during his absence in South Carolina, the said Rhodes resided within a short distance of the defendant's house, and then proposed to show that at that time he (Rhodes) was laboring under the same disease; but this evidence was also excluded, upon the ground that no acts of intimacy between the defendant and Rhodes had been shown."

The plaintiff thereupon submitted to a nonsuit and appealed.

*Messrs. Hoke & Hoke*, for plaintiff.
No counsel for defendant.

RUFFIN, J. The complaint is so meagre in its statement of the facts, and, even taken in connection with the proofs, furnishes so little insight into the conduct of the parties, and particularly the treatment of the wife by the husband prior to her alleged delinquency, that it is a relief to the court to be able to say, that, according to our understanding of the law, no error was committed in the court below, of which the plaintiff can justly complain. Indeed, though not entirely apparent, we

cannot avoid an impression, arising out of the statement of the case itself, that, as it was, he succeeded in getting before the jury much testimony which properly should have been excluded. His own physical condition and exemption from secret disease, at the time of his return from South Carolina, were so peculiarly within his own knowledge, and so difficult of knowledge by another, that it seems impossible to doubt that he was, himself, permitted to testify directly to those matters; and if so, it was improperly done, since those facts were intended to be used, and were used, as links in a chain of circumstances to convict the defendant of the adultery alleged in the complaint—of which there seems to have been literally no direct proof.

Be this however, as it may, there can be no question in the minds of the court, as to the propriety of excluding the testimony with reference to the admissions of the defendant. The provision of the statute is so pointed and its language so plain—that in such trials, neither the husband nor the wife shall be a competent witness to prove the adultery of the other, nor shall the admissions of either be received as evidence to prove such fact—as to leave no room for doubt or construction.

This prohibition, as has been often said by the court, proceeds out of that regard which the law always has for good morals, and that interest which society has at stake in the preservation of the marriage relations of its members, seeing that they are not only essential to social order, but that they constitute the foundation of society itself, and it is the duty of the courts to see that neither this policy of the law nor public interest is impaired through the collusion of the parties, and in fact that it shall not even encounter the risk of being so impaired: for, as said in *Hansley* v. *Hansley*, 10 Ired., 506, this policy of excluding the admissions of the parties depends, not so much upon the ground that there is collusion between them, as upon the danger that there may be.

There is nothing in the facts of the case to make it an exception to the general rule; nor is there anything to support the

distinction, which counsel attempted to make, that as the guilty conduct of the defendant had been established by other evidence, the only effect of her admissions, if received, could have been to corroborate or give point to that evidence. Conceding that all the testimony actually received was legitimate, and that its effect was to establish a lack of chastity on the part of the defendant, still, the issue remained as to her guilt of the *adultery* alleged against her. It was this the plaintiff sought to establish by evidence of her confessions made to himself; and failing to secure the evidence, he abandoned the issue, thus proving that the admissions were intended to be used, not as corroborative, but as substantive testimony—and the only testimony within the plaintiff's reach—tending to prove the fact in dispute.

It is impossible to conceive of a case more certainly coming within the mischief of the statute than the present, or one in which its enforcement could be more necessary, because of the opportunity for collusion afforded by the very nature of the accusation and the length of the time since the offence is said to have occurred.

Nor was it error to exclude the testimony as to the diseased condition of the individual, Rhodes; and for the reason assigned by the court. If established as a fact, its relation, in the then state of the proofs, with the fact in issue, would still be so remote as really to amount to no proof of it, and hence it was proper to exclude the evidence with regard to it.

Our conclusion, therefore, is that the judgment of the superior court must be affirmed.

No error.                                        Affirmed.