BROOM v. BROOM.

(Filed May 27, 1902.)

1. EVIDENCE—*Incompetent—Exceptions and Objections—Husband and Wife—Witnesses.*

Exceptions to evidence made incompetent by statute may be taken after verdict.

2. WITNESSES—*Evidence—The Code, Sec. 588—Divorce.*

Under The Code, Sec. 588, a wife, sued for divorce for adultery, is competent to deny the evidence of witnesses that she was guilty of adultery with them.

3. EVIDENCE—*Divorce—Fornication and Adultery.*

In an action for divorce, the want of issue after the alleged adulterous intercourse is a slight circumstance for the jury going to disprove the adultery.

ACTION by A. H. Broom against Almetta v. Broom, heard by Judge *W. S. O'B. Robinson* and a jury, at January Term, 1901, of the Superior Court of UNION County. From a judgment for the defendant, the plaintiff appealed.

*Adams & Jerome* and *R. L. Stevens,* for the plaintiff.
*Redwine & Stack,* and *Burwell, Walker & Cansler,* for the defendant.

CLARK, J. This is an action by the husband for divorce. Two witnesses introduced by plaintiff, testified each for himself, that he had had sexual intercourse with the defendant since her marriage. The defendant testified that this was untrue. No objection was made to her testifying, but after verdict plaintiff excepted because it being testimony prohibited by statute, consent could not make it competent and no exception at the time was necessary. *State v. Ballard,* 79 N. C., 627; *Presnell v. Garrison,* 121, N. C., 366. This presents the question whether such testimony is prohibited.

The Code, Sec. 588, makes husband and wife competent and compellable witnesses in all cases, except that in three cases named, *i. e.*, in criminal actions, in any action for divorce on account of adultery, or action for criminal conversation, it is provided that the husband and wife shall not be competent or compellable "to give evidence *for or against* the other." Even in these excepted instances, the statute makes either competent for or against the other to prove the fact of marriage; and Section 1354, as to criminal actions, merely prohibits the wife or husband as a witness *against* the other, except in certain cases in which the wife is allowed to be a witness against the husband.

The plaintiff contends that the above exceptions in The Code, Sec. 588 to the general rule, which is that the husband and wife are competent as other witnesses, prohibited the wife when faced with testimony accusing her with adultery, from disproving it by the only possible evidence, her own. If this were so, it is a startling anomaly in our law. If she were charged with murder or any other crime in the calendar, she is a competent witness to deny it. So fair is the law that as to any other transaction if the mouth of one party is closed by death the other can not testify thereto. In an action for divorce against the wife, proof of one act of adultery is sufficient. If, therefore, a witness can go on the stand to give evidence, however false, that he has had sexual intercourse with the wife, and the law seals her mouth and forbids her to deny it, this would be a cruel injustice, and the statute would be "an act to facilitate divorces in all cases in which the wife is defendant." The Judge could but charge the jury, "If you believe the evidence you will find the issues in favor of the plaintiff."

If the statute were so worded, the Courts could but so construe it, leaving it to the law-making power to make any needed correction. But we think the statute does not bear the construction which the plaintiff, since the verdict went against

him, seeks to place upon it. If the intention had been to exclude the husband and wife absolutely as witnesses in such cases, the proviso in Section 588 as to these classes of cases would have been that, as to them, the husband and wife were "not competent or compellable as witnesses." The law-making power was wiser, and restricted the prohibition by adding *"for* or *against* the other." The meaning is clear that in such cases neither the husband nor wife is competent or compellable *for* the other to prove the adultery, which might encourage collusive divorces or compel one to be a witness against him or herself, nor is either competent or compellable *against* the other to prove the adultery, which might be conducive to perjury in view of the strong feeling incident to contested divorce proceedings.

Here, when these two men testified that they had each had sexual intercourse with the defendant, and she went upon the stand and denied it, she did not testify *for* the husband so as to enable him to obtain a collusive divorce, nor did she testify *against him* to prove anything against him. Her evidence was in defense of herself, and not "for or against" the other party, and the statute disqualifies neither as a witness in his or her own behalf, except only when it is for or against the other.

Any other construction would be "sticking in the bark;" would be an anomaly in our law when one is charged with an offense against law or morality, and would ignore the restrictive words, which, after the words prohibiting wife or husband from being witnesses in such cases, adds, "for or against each other." These words mean something, and when given their natural signification simply prevents either party proving a ground of divorce *against* the other or *for* the other by his or her own testimony. It must be noted, as already stated, that neither is made incompetent to testify in his or her own behalf, but only when it is for or against the other. It is urged

that, indirectly, the woman testified against her husband, because while it was not as to his conduct, it indirectly threw a bill of costs upon him. If we could consider that in construing the meaning of these restrictive words, still they do not have even that effect, for in such actions the husband, whether successful or unsuccessful, is liable for his own costs, and whether he shall pay the wife's costs is in all cases in the discretion of the Court. Code, Sec. 1294.

The charge of the Judge that the fact that there was no issue after the separation, notwithstanding the alleged adulterous intercourse with the witnesses, was a circumstance for the jury to consider, can not be said to be error. It may be, probably was, a very slight circumstance, but whether the jury should give it any weight was for them. Their common sense and knowledge of the ordinary things in life were doubtless equal to this weight laid upon them.

No error.