CYRUS N. HICKS v. JUANITA J. HICKS

No. 6921SC14

(Filed 26 February 1969)

**1. Divorce and Alimony § 5— defenses — recrimination**

The doctrine of recrimination bars a plaintiff's right to divorce if the defendant proves that plaintiff has himself been guilty of conduct which would entitle defendant to a divorce.

HICKS *v.* HICKS

**2. Divorce and Alimony §§ 5, 14;     Evidence § 12— defenses — recrimination — evidence of wife's adultery — competency of husband's testimony**

    Where the wife sets up abandonment as a defense in the husband's action for divorce on the ground of two years' separation, the husband may testify as to the adultery of his wife in order to explain his separation from the wife and to establish his defense of recrimination to the wife's charge of abandonment, the husband's testimony being neither for nor against the wife on the issue of adultery and therefore not coming within the purview of G.S. 8-56 or G.S. 50-10.

**3. Divorce and Alimony § 14— circumstantial evidence of adultery**

    Where circumstantial evidence is relied upon to establish adultery, there must be evidence of both inclination and opportunity on the part of the party charged.

    PARKER, J., dissenting.

APPEAL by plaintiff from *Martin, S.J.*, at the 1 April 1968 Session of FORSYTH Superior Court.

The plaintiff filed his complaint 10 August 1965 alleging that he and the defendant were married 9 April 1955, that they separated 8 January 1964 and had lived apart continuously since that time. He prayed for absolute divorce, custody of the children and possession of the home.

The defendant answered 19 August 1965 denying the allegations of the complaint and pleading, as a defense and cross-action, that the plaintiff was guilty of mental cruelty toward the defendant. She prayed for temporary and permanent alimony, custody of and support for the children and possession of the home.

Plaintiff filed a reply 24 September 1965 pleading the adultery of the defendant in response to her allegations of cruelty, and withdrawing his prayer for absolute divorce on grounds of separation.

On 31 July 1967, Anglin, J., ordered that all the pleadings in the action be consolidated into an amended complaint, an amended answer and counterclaim and an amended reply. Pursuant to this order, plaintiff filed his amended complaint 2 August 1967 alleging two years' separation from 8 January 1964, except for visits to the children and caring for the property, and that the separation has been absolute and total, if not from 8 January 1964, then certainly from 10 August 1965. As a second cause of action, plaintiff alleged the adultery of the defendant with one Walter Hale, Sr., on 8 January 1964.

The defendant filed her amended answer 4 August 1967 denying the allegations of the complaint and alleging as a cross-action aban-

donment of the defendant by the plaintiff and indignities to the person of the defendant by the plaintiff.

Plaintiff replied to the cross-action on 1 September 1967 denying the allegations of the cross-action and pleading recrimination against the defendant based on her constructive abandonment and adultery.

At the close of plaintiff's evidence, the court granted defendant's motion for nonsuit as to the cause of action for adultery. Issues were presented to the jury and the jury found the plaintiff guilty of abandonment and indignities. The court entered judgment granting defendant the possession and control of the home as alimony and ordering plaintiff to pay the costs of court and defendant's counsel fees. From this judgment, plaintiff appeals, assigning error.

*David P. Mast, Jr., for plaintiff appellant.*

*Booe, Mitchell, Goodson & Shugart by Wayne C. Shugart for defendant appellee.*

BRITT, J.

The first assignment of error presents the question whether the plaintiff may offer his own testimony as to the adultery of the defendant for the purpose of explaining his abandonment of the defendant and to establish his defense of recrimination to her cross-action based on abandonment.

[1]    The doctrine of recrimination is a rule which bars a plaintiff's right to divorce if the defendant proves that the plaintiff has himself been guilty of conduct which would entitle the defendant to a divorce. 1 Lee, N. C. Family Law, § 88, p. 336. *Sears v. Sears,* 253 N.C. 415, 117 S.E. 2d 7; 3 Strong, N. C. Index 2d, Divorce and Alimony, § 5, p. 326.

[2]    In the case at hand, the defendant (plaintiff as to the cross-action) put on evidence tending to show that the plaintiff had abandoned her without cause, left her without adequate support and engaged in erratic, undependable conduct, both prior to and since the abandonment. Her evidence also tended to show that she was faithful, dutiful and without fault. After the defendant rested her case, the plaintiff took the stand and attempted to testify that he had caught the defendant engaged in an act of adultery in the home of the plaintiff on 8 January 1964, and that was why he left on that date and proceeded to live separate and apart from defendant. The

court excluded all the testimony of plaintiff relating to the alleged adultery.

Plaintiff insists that the testimony was competent and that the trial judge committed prejudicial error in not allowing him to testify. Defendant contends that the testimony was inadmissible by reason of the following statutes:

"§ 8-56. *Husband and wife as witnesses in civil action.* — In any trial or inquiry in any suit, action or proceeding in any court, or before any person having, by law or consent of parties, authority to examine witnesses or hear evidence, the husband or wife of any party thereto, or of any person in whose behalf any such suit, action or proceeding is brought, prosecuted, opposed or defended, shall, except as herein stated, be competent and compellable to give evidence, as any other witness on behalf of any party to such suit, action or proceeding. Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery; or in any action or proceeding for or on account of criminal conversation, except that in actions of criminal conversation brought by the husband in which the character of the wife is assailed she shall be a competent witness to testify in refutation of such charges: * * *."

"§ 50-10. *Material facts found by jury; parties cannot testify to adultery; waiver of jury trial in certain actions.* — The material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury, and on such trial neither the husband nor wife shall be a competent witness to prove the adultery of the other, nor shall the admissions of either party be received as evidence to prove such fact. * * *"

No issue involving adultery was submitted to the jury. Issue No. 5 was as follows: "Has the plaintiff, Cyrus N. Hicks, unlawfully abandoned his wife, Juanita J. Hicks, without adequate provocation on the part of the defendant, Juanita J. Hicks, as alleged in the cross action?" Issue No. 6 was as follows: "Did the plaintiff, Cyrus N. Hicks, offer such indignities to the person of the defendant, Juanita J. Hicks, as to render her conditions intolerable and life

burdensome without adequate provocation on the part of the defendant, Juanita J. Hicks, as alleged in the cross action?"

At the time the challenged testimony was offered, plaintiff's action for divorce on the grounds of adultery had been dismissed; therefore, it was not offered "in any action or proceeding for divorce on account of adultery" as forbidden by G.S. 8-56. For the same reason, the prohibition set forth in G.S. 50-10 was not applicable because a divorce action grounded on adultery was not being tried at the time. Therefore, we must decide if the challenged testimony offended the following portion of G.S. 8-56: "Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other *in any action or proceeding in consequence of adultery.*" (Emphasis added.)

In *Broom v. Broom,* 130 N.C. 562, 41 S.E. 673, the plaintiff husband brought suit against his wife for divorce on the grounds of adultery. Two witnesses introduced by plaintiff testified each for himself that he had engaged in sexual intercourse with the defendant since her marriage. Defendant took the witness stand in her own behalf and testified that the testimony given by the witnesses was untrue. From judgment for the defendant, plaintiff appealed, contending that defendant was not competent to give the testimony aforesaid. In an opinion by Clark, J. (later C.J.), the Supreme Court held:

"The Code, sec. 588 [now G.S. 8-56], makes husband and wife competent and compellable witnesses in all cases, except that in three cases named, i.e., in criminal actions, in any action for divorce on account of adultery, or action for criminal conversation, it is provided that the husband and wife shall not be competent or compellable 'to give evidence *for or against* the other.' "

Plaintiff's testimony regarding defendant's adultery challenged in this action did not come within either of the three exceptions.

In *Hooper v. Hooper,* 165 N.C. 605, 81 S.E. 933, our Supreme Court held that the purpose of the exception set forth in the quoted statutes is to prevent collusion in divorce actions. In an opinion by Hoke, J., we find the following: "The legislation is based upon the gravest reasons of public policy and, as stated in the authorities cited, is designed, not only to prevent collusion where the same exists, but to remove the opportunity for it." Certainly, the testimony of plaintiff, offered and excluded in the instant case, did not violate the safeguards against collusion.

In the case of *Biggs v. Biggs,* 253 N.C. 10, 116 S.E. 2d 178, *Broom*

and *Hooper* were strongly relied on. In *Biggs*, plaintiff husband brought an action for absolute divorce on the ground of adultery. In her answer, defendant denied the allegations of adultery and by amendment set up the defense of condonation, contending that the parties resumed their marital relations and cohabited with each other as husband and wife at Homestead, Florida, on Sunday night, 18 October 1959. Issues of residence, marriage, adultery and condonation were submitted to and answered by the jury in favor of plaintiff. At trial defendant testified that she spent the night in question with plaintiff in a motel in Florida and at the time of trial was pregnant as the result of intercourse with plaintiff on that occasion. Over defendant's objection, plaintiff, on redirect examination, was allowed to testify that although he saw defendant in Florida for a few minutes on the date in question, he did not spend the night with her and had no sexual relations with her. Defendant contended that plaintiff was not competent to testify to nonaccess. In an opinion by Moore, J., we find the following:

> " 'At common law husband and wife were absolutely incompetent to testify in an action to which either was a party.' Stansbury: N. C. Evidence, s. 58, p. 99. G.S. 8-56 was designed to remove the common law disabilities, except in the instances therein set out. It disqualifies both spouses from testifying *for* or *against* the other in any action or proceeding in consequence of adultery or for divorce on account of adultery. The purpose of the exception is to prevent collusion in divorce actions. *Hooper v. Hooper*, 165 N.C. 605, 81 S.E. 933. But it does not prevent the party charged with adultery from denying the charge. *Broom v. Broom*, 130 N.C. 562, 41 S.E. 673.

> In the *Broom* case two of plaintiff's witnesses said they had had intercourse with defendant wife since her marriage to the plaintiff. Defendant denied the testimony of these witnesses. Referring to the exceptions in G.S. 8-56, the Court said: 'If the intention had been to exclude the husband and wife absolutely as witnesses in such cases, . . . [sic] the proviso . . . would have been that . . . the husband and wife were "not competent or compellable as witnesses." ' The proviso merely disqualifies both spouses from testifying *for* or *against* the other. The Court held that her testimony was not prohibited by the statute because 'she did not testify *for* the husband so as to enable him to obtain a collusive divorce, nor did she testify *against* him to prove anything against him. Her evidence was in defense of herself, and not "for or against" the other party, and the statute

disqualifies neither as a witness in his or her own behalf, except only when it is for or against the other. . . . These words (for or against each other) mean something, and when given their natural significance simply prevent either party proving a *ground* of divorce *against* the other or *for* the other by his or her own testimony.'

The situation in the instant case is somewhat analogous. Any contention that Mrs. Biggs was not competent 'in an action or proceeding for divorce on account of adultery,' to testify in her own behalf in support of her affirmative defense of condonation would be untenable. It is true that it is testimony against the husband in the sense that it tends to oppose the ultimate purpose of the suit. But the same was true in the *Broom* case. The wife's denial of the acts of adultery was calculated to affect the ultimate outcome against the husband, but was not collusive. By the same reasoning the testimony of plaintiff Biggs in denial of the alleged condonative act of intercourse with his wife was purely defensive, related only to the issue of condonation, and was not collusive. He was not disqualified by the statute to defend himself against the charge of condonation."

The testimony challenged in the case at bar was not offered for or against the defendant on an issue of adultery. It was not offered "in any action or proceeding in consequence of adultery" but was offered by the plaintiff in his defense against the charges of unlawful abandonment and of offering indignities without provocation, and the cross-action under G.S. 50-16. Defendant's evidence tended to show abandonment by plaintiff on or about 8 January 1964, and plaintiff was entitled to testify to defendant's adultery to explain and justify his separating from defendant, and to show that he had adequate provocation for his subsequent conduct and attitude toward her.

Defendant's counsel strongly contends that the case before us is controlled by *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507. Although it is a narrow one, we think there is a distinction between the principles of law involved in the two cases. In *Becker,* the plaintiff wife sued for divorce on grounds of two years' separation; defendant husband pled adultery of the wife in recrimination and in support of his plea attempted to testify as to the adulterous disposition of the plaintiff. The court held that the proffered evidence was inadmissible and cited G.S. 8-56 and G.S. 50-10 along with five decisions of our Supreme Court. The testimony challenged in *Becker* had but one purpose — to defeat the wife's action for divorce; there-

HICKS *v.* HICKS

fore, it was *against* her. In the case before us, the primary purpose of the challenged testimony was in *defense* of the husband — from wife's charges of abandonment and indignities and her cross-action under G.S. 50-16. A review of the decisions cited in *Becker* reveals that two were cases by husbands for absolute divorce on grounds of adultery in which the court stated the collusion principle, and the other three were cases for criminal conversation in which admissions of the accused spouses were ruled inadmissible.

The assignment of error was well taken and we hold that the trial court erred in not admitting the challenged testimony.

Plaintiff also assigns as error the granting of defendant's motion for nonsuit of his cause of action for divorce on grounds of adultery. This assignment of error is without merit and is overruled.

[3] Plaintiff offered no admissible direct evidence of the defendant's adultery. It is settled that, where circumstantial evidence is relied upon to establish adultery, there must be evidence of both inclination and opportunity on the part of the party charged. 1 Lee, N. C. Family Law, § 65, p. 262. No evidence was offered tending to show an inclination toward adultery on the part of the defendant. The evidence of opportunity, while sufficient to arouse conjecture, was insufficient to be submitted to the jury. Needless to say, the testimony of plaintiff discussed in the first assignment of error herein would not have been admissible in plaintiff's action for divorce on grounds of adultery.

For the reasons stated, plaintiff is awarded a

New trial.

MALLARD, C.J., concurs; PARKER, J., dissents.

PARKER, J., dissenting:

Because it seems to me that this case is controlled by *Becker v. Becker*, 262 N.C. 685, 138 S.E. 2d 507, and that the trial court complied with that case in excluding the husband's testimony concerning adultery of the wife, I vote to affirm.