CYRUS N. HICKS, APPELLEE v. JUANITA J. HICKS, APPELLANT

No. 29

(Filed 18 June 1969)

**1. Divorce and Alimony § 5— defense of recrimination**
   This jurisdiction recognizes the defense of recrimination, which allows a defendant in a divorce action to set up a defense in bar of plaintiff's action that plaintiff was guilty of misconduct which in itself would be a ground for divorce.

**2. Divorce and Alimony § 5— recrimination — burden of proof**
   A defense under the doctrine of recrimination is deemed controverted and the burden to establish such affirmative defense is on the person plead-ing it, who must prove it with the same character of evidence and the same certainty as if he were setting up a ground for divorce.

**3. Evidence § 12—  testimony by spouse in civil action — G.S. 8-56**

At common law husband and wife could not testify in an action to which either was a party; however, G.S. 8-56 makes husband and wife both competent and compellable to testify for or against each other in all civil actions except for certain statutory prohibitions.

**4. Divorce and Alimony §§ 5, 14;   Evidence § 12—  recrimination — testimony by husband of wife's adultery — G.S. 8-56**

G.S. 8-56 does not prohibit testimony by plaintiff husband as to the adultery of defendant wife to explain his separation from defendant and to establish a defense in bar of her cross-action for alimony without divorce under former G.S. 50-16 where, at the time the testimony was offered, plaintiff's action for divorce on the ground of adultery had been dismissed, since it was not offered "in any action or proceeding for divorce on account of adultery" or "within any action or proceeding in consequence of adultery."

**5. Divorce and Alimony § 16—  alimony without divorce — applicability of G.S. 50-10**

An action for alimony without divorce under former G.S. 50-16 is a divorce action within the purview of that portion of G.S. 50-10 which controverts all material facts in every divorce action.

**6. Divorce and Alimony §§ 14, 16;   Evidence § 12—  alimony without divorce — testimony of adultery by spouse**

Provision of G.S. 50-10 which prohibits the husband or wife from testifying to prove adultery is applicable to actions for alimony without divorce.

**7. Divorce and Alimony §§ 5, 14, 16;   Evidence § 12—  cross-action for alimony without divorce — husband's testimony as to wife's adultery — recrimination**

Where the wife cross-claimed for alimony without divorce under former G.S. 50-16 in husband's action for absolute divorce on the ground of one year separation, provisions G.S. 50-10 render the husband incompetent to testify as to the adultery of the wife to refute the wife's allegation of wilful abandonment and to establish his defense of recrimination in bar of her cross-claim.

APPEAL by defendant wife from decision of the North Carolina Court of Appeals filed on 26 February 1969 and reported in 4 N.C. App. 28.

On 10 August 1965 plaintiff, Cyrus N. Hicks, filed an action for divorce based on one year separation, alleging that he and his wife, defendant Juanita J. Hicks, had separated on 8 January 1964.

On 19 August 1965 defendant filed her answer denying the separation, and by cross-action alleged acts of indignity which made her condition intolerable and life burdensome. Defendant prayed for ali-

mony pendente lite and permanent alimony, custody of and support for the children and possession of the family residence.

On 24 August 1965 plaintiff filed a reply pleading the adultery of defendant in response to her cross-action and withdrawing his prayer for absolute divorce based on the separation.

On 3 February 1967 Martin, J., ordered that plaintiff be allowed to amend his complaint and reply. On 3 August 1967 Anglin, J., ordered that all the pleadings in the action be consolidated into an amended complaint, an amended answer and cross-action, and an amended reply.

Plaintiff filed his amended complaint on 2 August 1967 in which he alleged that, in addition to the period of separation beginning on 8 January 1964, plaintiff had lived continuously separate and apart from defendant since 10 August 1965, the date the original complaint was filed. As a second cause of action plaintiff alleged that on 8 January 1964 defendant committed adultery with one Walter Hale, Sr. Plaintiff prayed for an absolute divorce.

On 4 August 1967 defendant filed her amended answer denying the allegations of the amended complaint and alleging as a cross-action that on 11 August 1965 plaintiff abandoned defendant and his children and that plaintiff offered such indignities to defendant's person as to render her life burdensome and intolerable. Defendant prayed for temporary and permanent alimony, custody of and support for the children, and exclusive possession of the family residence.

On 1 September 1967 plaintiff filed his reply to the amended answer denying the allegations of the cross-action and alleging adultery on the part of defendant in bar of her cross-action and in justification of his separation from defendant.

The case was tried before Martin, S.J., at the 1 April 1968 Session of Forsyth Superior Court. At the close of plaintiff's evidence, defendant's motion for nonsuit as to the cause of action for absolute divorce based on adultery was granted. At the close of all the evidence, the jury answered the issues of abandonment and indignities against plaintiff. The judgment of the trial court granted defendant possession and control of the home as alimony and assessed the costs of court and defendant's counsel fees against plaintiff. Plaintiff was also ordered to pay $30.00 per week for the support of his two children.

Plaintiff appealed from this judgment to the North Carolina Court of Appeals. The Court of Appeals, with one judge dissenting, granted

plaintiff a new trial on the grounds that the trial court committed error when it refused to allow plaintiff to testify as to the adultery of defendant to establish his defense of recrimination to her cross-action based on abandonment.

Defendant appealed to this Court pursuant to N. C. Gen. Stat. § 7A-30(2).

*David P. Mast, Jr., for plaintiff appellee.*

*Booe, Mitchell, Goodson and Shugart for defendant appellant.*

BRANCH, J.

[7]   The question presented to this Court for decision is whether plaintiff husband may testify as to the adultery of defendant wife to explain his separation from defendant and to establish a defense in bar of her cross-action based on N. C. Gen. Stat. § 50-16.

The allegations in defendant's amended cross-action were sufficient to allege a cause of action for divorce from bed and board under N. C. Gen. Stat. § 50-7, or for alimony without divorce under N. C. Gen. Stat. § 50-16 as it then existed. (The 1967 General Assembly repealed N. C. Gen. Stat. § 50-16 effective October 1, 1967.) However, from an examination of the pleadings as explained by the relief demanded, it is apparent that defendant proceeded with her cross-action pursuant to N. C. Gen. Stat. § 50-16.

[1]   This jurisdiction recognizes the doctrine of recrimination, which allows a defendant in a divorce action to set up a defense in bar of the plaintiff's action that plaintiff was guilty of misconduct which in itself would be a ground for divorce. *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471. N. C. Gen. Stat. § 50-16, in part, specifically provided:

> Provided further, that in all applications for alimony under this section it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony, and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony, or for her support, but only her reasonable counsel fees.

[2]   Defenses under the doctrine of recrimination are deemed controverted and the burden to establish such affirmative defense is on the defendant. *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492. And in order for such a defense to succeed, the person pleading it must prove it with the same character of evidence and the same certainty

as if he were setting up a ground for divorce. 1 Lee, North Carolina Family Law, § 88, at 343 (2d ed. 1963); 1 Nelson, Divorce and Annulment § 10.05, at 366 (2d ed. 1945).

Here, plaintiff by his amended pleadings set up the defense of recrimination as a bar to defendant's cross-action and to nullify defendant's allegation of wilful abandonment by showing the separation to be with just cause. He offered his own testimony to prove the alleged act of adultery by defendant.

[3]   At common law husband and wife could not testify in an action to which *either* was a party. However, N. C. Gen. Stat. § 8-56 makes husband and wife both competent and compellable to testify for or against each other in all civil actions except for certain statutory prohibitions. N. C. Gen. Stat. § 8-56 in part provides:

> In any trial or inquiry in any suit, action or proceeding in any court, or before any person having, by law or consent of parties, authority to examine witnesses or hear evidence, the husband or wife of any party thereto, or of any person in whose behalf any such suit, action or proceeding is brought, prosecuted, opposed or defended, shall, except as herein stated, be competent and compellable to give evidence, as any other witness on behalf of any party to such suit, action or proceeding. *Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery;* . . . (Emphasis ours).

[4]   We agree with the Court of Appeals that the factual situation of instant case precludes defendant from invoking the prohibitions contained in N. C. Gen. Stat. § 8-56, since, as stated by the Court of Appeals, "at the time the challenged testimony was offered, plaintiff's action for divorce on the grounds of adultery had been dismissed; therefore, it was not offered 'in any action or proceeding for divorce on account of adultery' as forbidden by G.S. 8-56," and that "it was not offered 'within any action or proceeding in consequence of adultery'. . . ."

The other statute pertinent to decision is N. C. Gen. Stat. § 50-10, which, in part, is as follows:

> The material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such com-

plaint until such facts have been found by a jury and on such trial neither the husband nor wife shall be a competent witness to prove the adultery of the other, nor shall the admissions of either party be received as evidence to prove such fact.

[7]     The Court of Appeals reasoned that the provisions of N. C. Gen. Stat. § 50-10 were not applicable because "a divorce action grounded on adultery was not being tried at the time." We do not agree with this disposition of the applicability of N. C. Gen. Stat. § 50-10 to the facts here presented.

[5, 6]     This Court has held that suits for alimony without divorce are within the analogy of divorce laws, *Rector v. Rector,* 186 N.C. 618, 120 S.E. 195, and that an action under N. C. Gen. Stat. § 50-16 was a divorce action within the purview of that portion of N. C. Gen. Stat. § 50-10 which controverted all material facts in every divorce action. *Rouse v. Rouse,* 258 N.C. 520, 128 S.E. 2d 865; *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857; *Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790. Thus, it reasonably follows, and we so hold, that the other portion of N. C. Gen. Stat. § 50-10 which prohibits the husband or wife from testifying to prove adultery is equally applicable to actions brought under N. C. Gen. Stat. § 50-16. Moreover, the applicability of N. C. Gen. Stat. § 50-10 to instant facts is buttressed by the fact that at the time the challenged testimony was offered plaintiff's action for divorce on the ground of one year's separation under N. C. Gen. Stat. § 50-6 was before the court.

The cases relied upon by the parties to this action and pertinent to this decision are *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507; *Biggs v. Biggs,* 253 N.C. 10, 116 S.E. 2d 178; *Hooper v. Hooper,* 165 N.C. 605, 81 S.E. 933; *Broom v. Broom,* 130 N.C. 562, 41 S.E. 673; and *Perkins v. Perkins,* 88 N.C. 41. We deem it necessary for decision of this case to briefly review and analyze these cases.

In the case of *Broom v. Broom, supra,* two witnesses offered by the plaintiff husband testified that they had had sexual intercourse with the defendant since her marriage to the plaintiff. The defendant testified that the statements were untrue. The plaintiff, after judgment for the defendant, excepted to the defendant's denial on the grounds that it was prohibited by what is now N. C. Gen. Stat. § 8-56. The Court rejected this contention. This case is not decisive of instant case since the Court construed only the section now codified as N. C. Gen. Stat. § 8-56. *Broom* is also distinguishable from instant case, since the wife's testimony did not attempt to prove the act of adultery on the part of her husband.

*Hooper v. Hooper, supra,* is a case in which the plaintiff husband sought divorce from the defendant wife on account of adultery. The plaintiff testified to facts which tended to show that the plaintiff and the defendant were married in September 1912, and that sometime after and following a visit to Savannah, Georgia, the defendant wife developed a venereal disease. The defendant had no such disease at the time of their marriage, and the plaintiff had not given his wife the disease. The Court held that it was error to allow the plaintiff to testify as to the venereal disease under such circumstances as would necessarily establish adultery on her part. In finding error, the Court considered the sections now codified as N. C. Gen. Stat. § 50-10 and N. C. Gen. Stat. § 8-56. The Court stated:

> These regulations, which have long existed in this State, express the settled purpose of our Legislature that, in actions for divorce on account of adultery, neither the husband nor the wife shall be competent or compellable to give evidence which fixes or tends to fix either with adultery and the inhibition extends to any and all admissions or confessions by the other, of like tenor, either in the pleadings or otherwise. *Perkins v. Perkins,* 88 N.C. 41; *Hansley v. Hansley,* 32 N.C. 506.

> True, in the case of *Broom v. Broom,* 130 N.C. 562, the statute was held not to apply where a wife was offered for the sole purpose of denying the statement of third persons, witnesses, as to specific acts of adultery on her part, but the restriction undoubtedly exists, and extends, as stated, to any and all testimony by either the husband or the wife which has a tendency to establish the adultery of the other.

In *Biggs v. Biggs, supra,* the husband instituted action for absolute divorce on grounds of adultery. The defendant denied the adultery charged but alleged that if the jury should so find, the plaintiff forgave her and condoned the acts by resuming marital relations. The plaintiff offered evidence of non-access in answer to defendant's plea of condonation. The Court allowed plaintiff to so testify over defendant's objection. This Court held that the trial court ruled correctly, and, quoting extensively from *Broom v. Broom, supra,* construed N. C. Gen. Stat. § 8-56 as not disqualifying defendant to so testify. However, the Court recognized a difference between the statutes, N. C. Gen. Stat. § 8-56 and N. C. Gen. Stat. § 50-10, and in holding that N. C. Gen. Stat. § 50-10 did not apply because of the factual situation, stated:

> But this statute does not apply to the factual situation here presented. The husband gave no testimony with respect to the

allegations of adultery in his complaint. Nothing said by him would have any tendency to prove the issue of adultery in the case. In the challenged testimony he merely states that he did not have sexual intercourse with his wife in Florida and was in her room only one and one-half minutes. But defendant insists that the testimony permits an inference of adultery. If so, it is because of evidence elicited by her from her husband on cross examination and her own later testimony that pregnancy resulted from intercourse with plaintiff during the Florida visit. Plaintiff's voluntary testimony contains no charge of adultery against defendant. It was competent in denial of condonation. If an inference of adultery resulted from defendant's own later testimony and evidence elicited by her on cross examination, it has no tendency to "prove" the issue of adultery according to the allegations of the complaint, and cannot avail her on this appeal. She will not be heard to complain of error induced by her, if error there be.

Decision in *Biggs* rested largely on the interpretation of N. C. Gen. Stat. § 8-56 and upon the reasoning that the public policy against collusion or the opportunity for collusion in divorce actions was not violated. In instant case it would seem that public policy would also demand that the wife be protected against the absolute defense of adultery which the husband sought to prove by his own testimony.

In *Becker v. Becker, supra,* a case factually similar to the case before us, the plaintiff sued for a divorce on the ground of two years' separation. The defendant counterclaimed for divorce on the ground of adultery. At trial term, the defendant withdrew his counterclaim but amended his pleading to allege adultery as a matter of recrimination and as a bar to plaintiff's action. The defendant then sought to support his allegations of recrimination by his own testimony as to his wife's adulterous disposition. The Court, holding that in an action for divorce the defendant husband could not testify in regard to the adulterous conduct of his wife, stated:

Likewise, it is provided in G.S. 50-10 that in a trial pursuant thereto, "neither the husband nor wife shall be a competent witness to prove the adultery of the other, nor shall the admissions of either party be received as evidence to prove such fact."

In the case of *Perkins v. Perkins,* 88 N.C. 41, Ruffin, J., said: "The provision of the statute (Battle's Revisal, Chapter 17, Section 341, now G.S. 8-56) is so pointed and its language so plain — that in such trials, neither the husband nor the wife

shall be a competent witness to prove the adultery of the other, nor shall the admissions of either be received as evidence to prove such fact — as to leave no room for doubt or construction."

Our research reveals that headnote No. 1 in the case of *Perkins v. Perkins, supra,* incorrectly cited Battle's Revisal, Ch. 17, § 341 (1873) (now N. C. Gen. Stat. § 8-56). This error in citation was inadvertently carried forward in *Becker v. Becker, supra.* It is obvious that in *Perkins* the Court relied upon and interpreted Battle's Revisal Ch. 37, § 7 (1873) (now N. C. Gen. Stat. § 50-10) rather than Battle's Revisal, Ch. 17, § 341 (1873) (now N. C. Gen. Stat. § 8-56).

We agree with the reasoning of Ruffin, J., in *Perkins v. Perkins, supra,* upon which the decision in *Becker v. Becker, supra,* rests, that "The provision of the statute is so pointed and its language so plain — that in such trials, neither the husband nor the wife shall be a competent witness to prove the adultery of the other, nor shall the admissions of either be received as evidence to prove such fact — as to leave no room for doubt or construction."

[7] The provisions of N. C. Gen. Stat. § 50-10 are not limited to "any action or proceeding for divorce on account of adultery" or "actions or proceedings in consequence of adultery," but includes "every complaint asking for a divorce." Thus, its declaration that the husband and wife are incompetent witnesses to prove the adultery of the other refers to *all* divorce actions, including actions for alimony without divorce. N. C. Gen. Stat. § 50-10 clearly makes plaintiff an incompetent witness to prove the adultery of defendant in this action.

The decision of the Court of Appeals is

Reversed.